OPINION OF THE COURT
Paul B. Phinney III, J.
The Legislature has recently passed an amendment to Vehicle and Traffic Law § 1193 (2) (e) (7) which provides:
"(7) [Eff until Nov. 1, 1996.] Suspension pending prosecution; excessive blood alcohol content, a. A court shall suspend a driver’s license, pending prosecution, of any person charged with a violation of subdivision two or three of section eleven hundred ninety-two of this article who, at the time of arrest, is alleged to have had .10 of one percent or more by weight of *26 alcohol in such driver’s blood as shown by chemical analysis of blood, breath, urine or saliva, made pursuant to subdivision two or three of section eleven hundred ninety-four of this article.
"b. The suspension occurring under this subparagraph shall occur no later than at the conclusion of all proceedings required for the arraignment; provided, however, that if the results of any test administered pursuant to section eleven hundred ninety-four of this article are not available within such time period, the complainant police officer or other public servant shall transmit such results to the court at the time they become available, and the court shall, as soon as practicable following the receipt of such results and in compliance with the requirements of this subparagraph, suspend such license. In order for the court to impose such suspension it must find that the accusatory instrument conforms to the requirements of section 100.40 of the criminal procedure law and there exists reasonable cause to believe that the holder operated a motor vehicle while such holder had .10 of one percent or more by weight of alcohol in his or her blood as was shown by chemical analysis of such person’s blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article. At the time of such license suspension the holder shall be entitled to an opportunity to make a statement regarding these two issues and to present evidence tending to rebut the court’s findings.”
The court is required to interpret and apply this new law in the above-captioned case.
FACTS
On November 24, 1994 at approximately 3:53 a.m., defendant was driving his motor vehicle northbound on Route 303 in the Town of Orangetown when said vehicle struck and killed a pedestrian who was crossing Route 303, a four-lane State highway. Based on the arresting officer’s observation at the scene, the defendant was charged with driving while intoxicated as a violation of section 1192 (3) and defendant, thereafter, at the officer’s request, submitted to a blood test. Defendant was arraigned later on the morning of November 24, 1994, but since defendant had not been charged under article 120 or 125 of the Penal Law and there was no result of the blood test and no breathalyzer test was taken, defendant’s license could not be suspended under the newly enacted provisions of Vehicle and Traffic Law § 1193 (2) (e) (7).
*27 The matter was first adjourned to November 30th at which time no results of the blood test were available and it was then adjourned to January 4, 1995.
When the parties returned to court on January 4, 1995, the People presented a copy of the laboratory analysis of the defendant’s blood showing a 0.14% by weight of blood alcohol concentration in the defendant’s blood along with a certification pursuant to CPL 190.30 (2). At that time the People requested a hearing for a preconviction suspension of defendant’s license as provided for in section 1193 (2) (e) (7). The court set the hearing for January 9, 1995 after finding that the three-day time limit in the statute did not apply as the statute specifically provided that where the results are not available at the time of the arraignment and later become available, the hearing shall be held, "as soon as practicable following the receipt of such results”. (Vehicle and Traffic Law § 1193 [2] [c] [7] [b].) The court, however, indicated to the People that although they had obtained the lab results accompanied by a CPL 190.30 (2) certification, that did not appear to meet the requirement or definition of a supporting deposition and that the statute required this court to initially find that the accusatory instrument conforms to the requirements of CPL 100.40 and that CPL 100.40 requires that not only an information conform substantially to the requirements of CPL 100.15, but it must also contain nonhearsay allegations of the factual part of the information either in the information itself or in a supporting deposition accompanying it so as to provide reasonable cause to believe that the defendant committed the offense charged. The court indicated, although it did not find at that time, that the results of the analysis of the defendant’s blood accompanied by a standard certification provided for in CPL 190.30 (2) was not a supporting deposition and, therefore, the accusatory instrument, even combined with the lab results, would not comply with the requirements of CPL 100.40 and, therefore, the court would not be able to make a finding to support the preconviction suspension of the defendant’s license. The court finds there is a distinct difference between a supporting deposition and a lab report accompanied by a certification as provided for in CPL 190.30 (2). The Legislature could have easily provided in its amendment in section 1193 (2) (e) (7) of the Vehicle and Traffic Law that a laboratory report of an analysis of the defendant’s blood, urine or saliva accompanied by a certification as provided for in CPL 190.30 (2) would be sufficient grounds for the court to find there was *28 reasonable cause to believe that the defendant drove with more than .10% blood alcohol content. However, the Legislature, for whatever reason, neglected or chose not to do so, leaving the court to apply only the standard of CPL 100.40 in order for the accusatory instrument to form a basis for the preconviction suspension of a defendant’s license. It seems to this court that, in most cases where a breathalyzer test is not taken, but a blood test is, that either the People will have to obtain a legally sufficient deposition from both the chemists who performed the test on the blood, and perhaps every person in the chain of custody, in order to meet the standards required by the Legislature for a preconviction suspension of the defendant’s license, which, of course, would put a great strain on the People and use up valuable time and resources of all those involved, including the chemist, or file a superceding prosecutor’s information. However, that appears to be what the Legislature is requiring as the Legislature did not provide, in its amendment to the statute, for the court to consider a blood test certified pursuant to CPL 190.30 (2), which the court can consider in a preliminary hearing in relation to a felony charge pursuant to CPL 180.60 (8).
On January 9, 1995, the People superceded the misdemeanor complaint with a prosecutor’s information charging the defendant with a violation of section 1192 (2) and (3) of the Vehicle and Traffic Law and said prosecutor’s information was supported by the original accusatory instrument charging the defendant with a violation of section 1192 (3) plus the previously mentioned lab results accompanied by the certification pursuant to CPL 190.30 (2). The court, in applying the statute to the prosecutor’s information, notes that CPL 100.40 (3) provides that a prosecutor’s information is sufficient on its face when it substantially conforms to the requirements prescribed in CPL 100.35. CPL 100.35 provides that the prosecutor’s information must contain the name of the local Criminal Court, the title of the action and must be subscribed by the District Attorney by whom it is filed and otherwise it should be in a form proscribed for an indictment pursuant to CPL 200.50 and must contain one or more counts with a plain and concise statement of the conduct constituting each offense. The court, in reviewing the requirements of CPL 100.50 finds no requirement that there be any allegations of a factual nature by a person with direct knowledge and, therefore, the issue of whether or not the blood test with the CPL 190.30 (2) certification annexed qualifies as a supporting deposition is *29 not an issue. The court, after a review of the prosecutor’s information, finds the same does comply with the statutory requirement and is sufficient on its face.
The defense, however, moved for a short adjournment to analyze the information and to obtain testimony of the arresting officer that would tend to show that the blood test was not taken within the two-hour period, and that the defendant had an alcosensor reading at the scene of .08% blood alcohol content. The court held that the introduction of the alcosensor test would not be permitted as the same was not legally admissible evidence as the accuracy of the device has not been proven or accepted by courts in this State. However, the court held, over the objections of the People, that the defendant was entitled to present evidence that might tend to show that the blood test was not taken in accordance with the provisions of Vehicle and Traffic Law § 1194 and to present evidence tending to rebut whether there exists reasonable cause to believe that the defendant was operating his vehicle while having .10 or more percentum of alcohol by weight in his blood. This is because the statute, in effect, has a two-part test; one, does the accusatory instrument comply with the requirements of CPL 100.40, and two, is there reasonable cause to believe that the defendant had .10 of 1 percentum or more by weight of alcohol in his blood as shown by a chemical analysis of his blood made pursuant to the provisions of section 1194 of the Vehicle and Traffic Law. Further, the defendant was entitled to make a statement regarding those two issues and to present evidence to rebut any of the court’s findings. It thus appears from the way the statute is written the defendant is entitled to present evidence that the test was not conducted in accordance with the provisions of Vehicle and Traffic Law § 1194 and any other evidence tending to rebut any finding that there is reasonable cause to believe that the defendant was driving with .10% or more by weight of alcohol in his blood. Although the statute does not use the term "hearing”, when a defendant is allowed to make statements and present evidence, that is, for all practicable purposes, a hearing. The court would also note that the People, rather than have the officer testify, indicated that they would concede the issue of the preconviction suspension. However, the court held that that was not something the People could do. The Legislature directed the court to determine whether the accusatory instrument conformed to the requirements of CPL 100.40 and there was reasonable cause to believe the defendant has .10 of 1%, *30 or more, by weight of alcohol in his blood pursuant to a test taken in accordance with the provisions of Vehicle and Traffic Law § 1194 and then give the defendant an opportunity to make statements and present evidence on those issues and if after the defendant had presented his statements and evidence the court still found that there was sufficient evidence to meet the standards set by the Legislature, to then suspend the defendant’s driving privileges preconviction. Thus the hearing and the necessary finding by the court was not something the People could waive.
The court further finds that the "hearing” it must conduct is in the nature of a noncriminal administrative hearing to determine whether or not the defendant’s privilege of having a driver’s license would be suspended for at least 30 days. Thus, the court first must make the determination that the statutory requirements are met for a preconviction suspension of defendant’s driver’s license, then the burden shifts to the defendant to rebut that finding. The People are not required to present any evidence or even to participate in the hearing. However, this court can find no reason not to allow the People to participate in the hearing, cross-examine witnesses and present evidence of their own.
The hearing proceeded on January 23rd, after the granting of the defendant’s request for an adjournment and the defendant’s counsel called Officer Suarez, the arresting officer, to the stand. The officer’s testimony established that the test was taken within two hours of the arrest and was taken by a certified phlebotomist. Defense counsel also questioned the officer on the conduct at the scene to try to determine whether or not the defendant was "under arrest” even though not formally arrested at the scene until the time stated by the officer. The court held that while, for other purposes, such as giving a defendant his Miranda warnings, it may be appropriate to determine when a reasonable man would no longer presume he would be free to leave, for the purpose of conducting the test required by section 1194 of the Vehicle and Traffic Law, the formal arrest was the time from which the two hours ran and denied the defense counsel’s request to continue that line of questioning.
After the hearing, the court found that there was no evidence presented which rebutted the court’s earlier conclusion that there was reasonable cause to believe that the defendant had operated his vehicle while having .10 or more percentum of weight by alcohol in his blood pursuant to a test taken *31 pursuant to section 1194 of the Vehicle and Traffic Law and suspended the defendant’s New York driver’s license.
As an observation, the court would note that the obvious purpose of the new law was to remove those persons who apparently had driven while intoxicated from the road. While the objective is laudable, the method chosen by the Legislature appears to have several unintended consequences and deficiencies. First, the court would note it has no effect on drivers without a New York State driver’s license as the statute speaks only of suspending a driver’s license, not a driving privilege, and New York courts have no authority or jurisdiction over out-of-State drivers’ licenses, only over the ability of out-of-State drivers to drive on New York roads. Thus, a driver from New Jersey, which is common in Rock-land County which borders New Jersey, who drives while intoxicated, will not be subject to a preconviction suspension of his privilege to drive in New York State as the statute does not address that.
Secondly, the hearing seems to give, to a limited extent, a discovery opportunity in the form of examination of witnesses to defense counsels at the very earliest stage of the proceeding. Since the defense is entitled to call witnesses, it is entitled to the aid of the court in issuing subpoenas to call those witnesses and, to a limited extent, is able to examine those witnesses regarding at least some of the issues which will be central to any trial on a driving while intoxicated charge.
Thirdly, the Legislature has turned the courts into Administrative Hearing Officers for the Department of Motor Vehicles. The court would note that in cases of refusal to submit to a chemical test, as required by section 1194 of the Vehicle and Traffic Law, a Hearing Officer determines whether or not there was a refusal or whether or not the refusal was justified. The court is unaware of any reason why such a Hearing Officer could not also handle a hearing to determine whether or not there is reasonable cause to believe the defendant drove with .10 or more percentum by weight of alcohol in his blood based on the same standards the courts must now use.
Finally, the court would note that the suspension, even when imposed by the court, is only for 30 days and that defendants can, except in limited circumstances, apply for a preconviction conditional license once the 30 days has expired, thus limiting the effectiveness of the ability of this change in *32 the law to remove those suspected of driving while intoxicated from the roadway.
In view of the tremendous time consumed in these hearings and the limited effect it has, this court would hope that the Legislature would revisit this issue.