OPINION OF THE COURT
Henry R. Bauer, J.
The defendant stands accused of alleged violations of section 1192 (2), (3) and section 1180 (d) of the Vehicle and Traffic Law. The defendant was arraigned on February 14, 1995. During the course of the arraignment, defense counsel challenged the constitutionality of Vehicle and Traffic Law § 1193 (2) (e) (7) (a). Pursuant to the mandate of Vehicle and Traffic Law § 1193 (2) (e) (7) (a), the court suspended the defendant’s driver’s license. Pending the completion of the arraignment the defense counsel filed a notice of motion in support of an order to terminate the suspension of the defendant’s driver’s license. In his affirmation in support of the motion, defense counsel contends that Vehicle and Traffic Law § 1193 (2) (e) (7) (a) deprives the defendant of due process, violates the separation of powers doctrine, and deprives the defendant of equal protection of the laws. The District Attorney filed an affirmation in opposition to defense counsel’s motion.
To evaluate the due process issue raised by defense counsel *606 the court refers to the wording of Vehicle and Traffic Law § 1193 (2) (e) (7) (a).
To suspend the license the court must find that "the accusatory instrument conforms to the requirements of [CPL] 100.40.” (Vehicle and Traffic Law § 1193 [2] [e] [7] [b].) This court finds this specific statutory language to be superfluous. An accusatory instrument must always be sufficient on its face. If a court found that the accusatory instrument did not conform to the requirements of CPL 100.40 it would have to return the license. In addition, the court would either divest itself of jurisdiction or require the prosecutor to amend the defective accusatory instrument. The CPL 100.40 review that is described in Vehicle and Traffic Law § 1193 (2) (e) (7) (b) which requires a court to suspend a license pending prosecution does not afford the defendant any more due process than he or she is otherwise already entitled to.
In addition to the CPL 100.40 review that is required under Vehicle and Traffic Law § 1193 (2) (e) (7) (b) a court must also decide that: "there exists reasonable cause to believe that the holder operated a motor vehicle while such holder had .10 of one percent or more by weight of alcohol in his or her blood as was shown by chemical analysis of such person’s blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article.”
The reasonable cause finding that is called for under Vehicle and Traffic Law § 1193 (2) (e) (7) (b) merits some analysis. At one end of the spectrum there is the felony complaint. When a defendant is arraigned before a local court on a felony complaint he or she has a right to a prompt hearing pursuant to CPL 180.10 (2). CPL 180.60 specifies the due process that must be afforded a defendant at this preliminary hearing. CPL 180.70 makes clear that the court is required to use the reasonable cause standard when making a determination at a preliminary hearing. Reasonable cause is defined in CPL 70.10 (2) as follows: " 'Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay.”
*607 At the other end of the spectrum there is the simplified traffic information as defined in CPL 1.20 (5) and the supporting deposition as defined in CPL 100.20. When a defendant is charged with operating a motor vehicle while intoxicated, a requested supporting deposition must contain "allegations of fact * * * providing reasonable cause to believe that the defendant committed the offense”. (See, CPL 100.25 [2].) It does not appear that the reasonable cause review that is called for under Vehicle and Traffic Law § 1193 (2) (e) (7) (b) gives a defendant any more due process than he or she is not otherwise entitled to when a simplified traffic information and supporting deposition are filed with the court.
It could be argued that the defendant is entitled to a full hearing, similar to the one authorized under CPL 180.60 for those charged on a felony complaint. I will note that Vehicle and Traffic Law § 1193 (2) (e) (7) (a) does not provide the statutory authority for such a hearing. In addition, it is indisputable that the People could not be prepared to conduct a full hearing for each defendant at the time of the arraignment.
How then does this court provide the defendant with the due process the law requires? Vehicle and Traffic Law § 1193 (2) (e) (7) (a) requires the court to take the license after performing the two-prong analysis that I discussed supra. The taking of the license by the court requires no additional exercise of process than would otherwise be called for if Vehicle and Traffic Law § 1193 (2) (e) (7) (a) had not been enacted. It mandates a taking without any additional due process. The due process afforded to the defendant is not found in the process of taking the license, but in the process of its return. Vehicle and Traffic Law § 1193 (2) (e) (7) (b) appears to mandate the return of the license to the defendant whenever evidence is presented tending to rebut the court’s finding. On close analysis this burden is neither onerous nor cumbersome. A defendant’s ability to "tend * * * to rebut” a court’s finding will depend on the facts and circumstances of the particular case. Indeed, since the statute does not provide an opportunity for the prosecutor to participate at this stage of the proceeding, the defendant is in a position to exercise his or her due process rights without constraint. Based on this court’s analysis of the statute it does not find that it denies the defendant due process as afforded by both Federal and New York State Constitutions.
*608 To evaluate the separation of powers issue raised by defense counsel, the court need only look to Vehicle and Traffic Law § 510. Vehicle and Traffic Law § 510 gives a court permissive authority to temporarily suspend a defendant’s driver’s license. In addition, Vehicle and Traffic Law § 510 also provides the authority which mandates a court to suspend and/or revoke a defendant’s driver’s license.
It is clear that the responsibilities of the judiciary on occasion overlaps with the duties and responsibilities of the executive branch. In upholding the statute in question I do not find that this court is placed within the administration of the executive branch. This court does not find the statute in violation of the separation of powers provision of the New York State and United States Constitutions.
To evaluate the equal protection issue raised by defense counsel the court must apply the rational basis test to the statute. It is not impermissible to treat a person who pleads guilty differently from a person who pleads not guilty. Defense counsel states that persons charged with a violation of Vehicle and Traffic Law § 1192 (4) and/or § 1192 (3) are treated differently than those charged under Vehicle and Traffic Law § 1192 (2). Though I will note the distinct treatment I do not find the distinction a violation of the Equal Protection Clauses of either the New York State or United States Constitutions.
Accordingly, defense counsel’s motion is denied and the court will proceed with the arraignment and apply Vehicle and Traffic Law § 1193 (2) (e) (7) (a) and (b) based upon the analysis herein provided.