OPINION OF THE COURT
Stephen R. Sirkin, J.
The plaintiff brings this action seeking to declare Vehicle *734 and Traffic Law § 1193 (2) (e) (7) unconstitutional and seeks a preliminary injunction, pursuant to CPLR 6301, restraining enforcement of Vehicle and Traffic Law § 1193 (2) (e) (7) against the plaintiff as a result of an arrest for a violation of Vehicle and Traffic Law § 1192 (2). Plaintiff challenges Vehicle and Traffic Law § 1193 (2) (e) (7), claiming that the statute is unconstitutional based on the grounds of denial of due process, denial of equal protection and vagueness.
Section 1193 (2) (e) (7) of the Vehicle and Traffic Law provides in relevant part as follows:
"(7) [Eff. until Nov. 1, 1996.] Suspension pending prosecution; excessive blood alcohol content, a. A court shall suspend a driver’s license, pending prosecution, of any person charged with a violation of subdivision two or three of section eleven hundred ninety-two of this article who, at the time of arrest, is alleged to have had .10 of one percent or more by weight of alcohol in such driver’s blood as shown by chemical analysis of blood, breath, urine or saliva, made pursuant to subdivision two or three of section eleven hundred ninety-four of this article.
"b. The suspension occurring under this subparagraph shall occur no later than at the conclusion of all proceedings required for the arraignment; provided, however, that if the results of any test administered pursuant to section eleven hundred ninety-four of this article are not available within such time period, the complainant police officer or other public servant shall transmit such results to the court at the time they become available, and the court shall, as soon as practicable following the receipt of such results and in compliance with the requirements of this subparagraph, suspend such license. In order for the court to impose such suspension it must find that the accusatory instrument conforms to the requirements of section 100.40 of the criminal procedure law and there exists reasonable cause to believe that the holder operated a motor vehicle while such holder had .10 of one percent or more by weight of alcohol in his or her blood as was shown by chemical analysis of such person’s blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article. At the time of such license suspension the holder shall be entitled to an opportunity to make a statement regarding these two issues and to present evidence tending to rebut the court’s findings.”
On January 20, 1995, plaintiff obtained an order to show *735 cause why an order should not be granted pursuant to CPLR 6301 and 6313 to prevent, restrain and permanently bar enforcement of Vehicle and Traffic Law § 1193 (2) (e) (7) against the plaintiff as a result of an arrest for a violation of Vehicle and Traffic Law § 1192 (2).
Plaintiff commenced this declaratory judgment action seeking to declare section 1193 (2) (e) (7) unconstitutional and sought a preliminary injunction pending a final determination of this action.
A preliminary injunction may be granted under CPLR article 63 when the party seeking such relief demonstrates: (1) a likelihood of success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party’s favor (see, Doe v Axelrod, 73 NY2d 748 [1988]; Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 70 AD2d 1021 [3d Dept 1979]).
Turning to the first prong of the test for preliminary injunctive relief — likelihood of success on the merits — it should be noted at the outset that there exists a strong presumption of constitutionality favoring a statute and plaintiff herein has the burden of establishing unconstitutionality beyond a reasonable doubt (City of New York v State of New York, 76 NY2d 479).
Initially, it is not disputed that a license issued to a motorist is not to be taken away by State action without procedural due process as required by the Fourteenth Amendment. The Supreme Court in Bell v Burson (402 US 535) found that the interest in having a driver’s license is a substantial one. In Bell, the Court held that the suspension of issued licenses involves State action that adjudicates important interests of the motorist and are not to be taken away without procedural due process required by the Fourteenth Amendment.
It is also recognized that it is not impermissible to deny certain substantial rights to a defendant prior to his or her conviction. The imposition of bail only on conditions limiting one’s activities and the conditioning of the right to be released on bail only if a bond or cash is presented as security for a defendant’s appearance at trial are examples of lawful preconviction restraints on a criminal defendant.
Notwithstanding the foregoing, this court has determined that there is a likelihood that Vehicle and Traffic Law § 1193 (2) (e) (7) will be found to be violative of the due process *736 requirement of the Fourteenth Amendment, as well as violative of the Equal Protection Clause, and unconstitutionally vague. This court determines that the plaintiff has demonstrated a likelihood of success on the merits sufficient to maintain the status quo pending the outcome of this proceeding.
This court is not convinced, as the Commissioner of Motor Vehicles submits, that Vehicle and Traffic Law § 1193 (2) (e) (7) is purely an administrative civil procedure which runs concurrently with the criminal prosecution. Regardless, the due process that is provided in this statute may not even be sufficient to safeguard a motorist’s constitutional rights in the less stringent civil administrative suspension proceeding.
Of significance to this court is the statute’s requirement that the arraigning court making findings of reasonable cause before the defendant is given an opportunity to make a statement tending to rebut the court’s findings. This requires the arraigning court to first determine the sufficiency of the accusatory instrument; then determine if reasonable cause exists and, finally, to permit the motorist the opportunity to make a statement tending to rebut the court’s findings. The statute mandates that the arraigning court make its required findings before the motorist has been afforded an opportunity to call witnesses or produce evidence. The motorist therefore has no opportunity to be heard prior to the time that the court is required to make its findings.
Of further significance is the statute’s requirement of a finding that "A court shall suspend a driver’s license, pending prosecution, of any person charged with a violation of subdivision two or three of section eleven hundred ninety-two of this article, who, at the time of arrest, is alleged to have had .10 of one percent or more by weight of alcohol in such driver’s blood as shown by chemical analysis of blood, breath, urine or saliva, made pursuant to subdivision two or three of section eleven hundred ninety four of this article.” (Vehicle and Traffic Law § 1193 [2] [e] [7] [a]; emphasis added.) It is not a crime to have a blood alcohol content of .10% or greater at the time of arrest. Due process requirements have not been met under this statute given the new statutory prohibition contained therein.
Additionally, Vehicle and Traffic Law § 1193 (2) (e) (7) imposes, without limitation, a suspension for the duration of the underlying pending criminal proceeding. This court recog *737 nizes that the length of the prosecution of a pending criminal case varies widely throughout New York State. Consequently, uniformity is absolutely lacking. This court finds significant that the Massachusetts statute that the Commissioner claims is similar to the New York statute at issue herein contains a maximum suspension limitation of 90 days.
This court rejects the Commissioner’s use of the case of Commonwealth v Crowell (403 Mass 381, 529 NE2d 1339 [1988]) as indicative of the New York statute’s constitutionality. Rather, the Massachusetts statute is demonstrative of the deficiencies in the New York statute. At issue in Crowell was Massachusetts General Laws, chapter 90, § 24N.* For instance, Vehicle and Traffic Law § 1193 (2) (e) (7) (b) merely *738 calls for the arraigning court to find that the accusatory instrument conformed with CPL 100.40 and that "there exists reasonable cause to believe that the holder operated a motor vehicle while such holder had .10 of one percent or more by weight of alcohol in his or her blood as was shown by chemical analysis of such person’s blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article.” In contrast, the Massachusetts statute permits the court to suspend only upon a prima facie showing and sets forth extensive documentation that is required to be presented to make a prima facie showing.
The Massachusetts statute also provides a right of review to the motorist and grants the motorist a hearing upon an independent test which discloses less than the permitted minimum.
Based upon the foregoing, this court finds that the plaintiff has demonstrated a reasonable likelihood of success on the merits and has met the first prong of the test for a preliminary injunction.
The second prong of the test for a preliminary injunction— the prospect of irreparable injury if the provisional remedy is withheld — has also been met herein. Vehicle and Traffic Law § 1193 (2) (e) (7) imposes an indefinite suspension of the plaintiff’s driver’s license. This court does not agree with the Commissioner’s analysis that the plaintiff will only be without a license for 30 days. Indeed the suspension could last the duration of the pending criminal action. Given the noted important interests that a motorist has in a State-issued driver’s license, this court finds that there would be irreparable injury to the plaintiff upon an indefinite suspension of his driver’s license.
The third prong of the test for a preliminary injunction — a balancing of the equities tipping in the moving party’s favor— weighs in favor of the plaintiff herein. This court recognizes the State’s interest in creating and maintaining effective deterrents to drunk driving and eliminating drunk drivers from the State’s highways. However, in the instant case, a balancing of the equities weighs in favor of the plaintiff, who stands to have his driver’s license suspended indefinitely pending criminal prosecution based upon conduct that does *739 not constitute a violation of the Vehicle and Traffic Law (i.e., having a blood alcohol content of .10% or greater at the time of arrest).
CONCLUSION
Based upon the foregoing, this court grants the preliminary injunction and the defendants are restrained and prevented from enforcing Vehicle and Traffic Law § 1193 (2) (e) (7) against the plaintiff herein pending the determination of this action.

 "Upon the issuance of a complaint alleging a violation of paragraph (a) of subdivision (1) of section twenty-four or a violation of section twenty-four G or twenty-four L * * * the judge, in addition to any other terms of bail or recognizance, shall * * * immediately suspend the defendant’s license or right to operate a motor vehicle * * * if the prosecutor makes a prima facie showing at the arraignment that said defendant was operating a motor vehicle while the percentage, by weight, of alcohol in his blood was eight one-hundredths or more * * * as shown by chemical test or analysis of his blood or breath, and presents written certification of oral testimony from the person administering to the defendant such chemical test or analysis of his blood or breath that the defendant was administered such a test or analysis, that the operator administering the test or analysis * * * was trained and certified in the administration of such tests, that the test was performed in accordance with regulations and standards promulgated by the secretary of public safety, that the equipment used for such test was regularly serviced and maintained, and * * * the equipment was functioning properly at the time the test was administered. Such certification shall be prima facie evidence of the facts so certified. Upon such a showing and presentation, the judge shall take immediate physical possession of such defendant’s license * * * to operate a motor vehicle, and shall direct the prosecuting officer to forthwith notify the criminal history systems board and the registrar of such suspension by the most expeditious means available. The defendant’s license * * * to operate a motor vehicle shall remain suspended until the disposition of the offense for which said defendant is being prosecuted, but in no event shall such suspension pursuant to this section exceed ninety days * * *
"Any person whose license or right to operate has been suspended pursuant to this section on the basis of chemical analysis of his breath may within ten days of such suspension request a hearing and upon such request shall be entitled to a hearing before the court, which hearing shall be limited to the following issues: whether a blood test administered pursuant to paragraph (e) of subdivision (1) of section twenty-four, within a reasonable period of time after such chemical analysis of his breath, shows that the percentage, by weight, of alcohol in such person’s blood was less than eight one-hundredths * * * If the court finds that such a blood test shows that such percentage was less than eight one-hundredths * * * the court shall restore such person’s license or right to operate and shall direct the *738 prosecuting officer to forthwith notify the criminal history systems board and the registrar of such restoration.”