OPINION OF THE COURT
Karen Morris, J.
Defendant argues that, because defendant is from out of State and therefore does not have a New York license, the court is without authority to apply the suspension-pending-prosecution statute (Vehicle and Traffic Law § 1193 [2] [e] [7] [a]) in this case.
Defendant is charged with driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3), speeding, and inadequate headlights. At the arraignment defen *992 dant’s attorney advised the court that defendant’s driver’s license was issued by Rhode Island.
According to defendant’s argument, the statute authorizes a Judge to suspend a license issued by New York State but does not authorize suspension of driving privileges in New York of a driver who is licensed by another State. The argument is twofold. (1) The wording of Vehicle and Traffic Law § 1193 (2) (e) (7) (a) authorizes a court to suspend a "driver’s license”. Therefore, by implication, the statute does not include suspension of "driving privileges” of a person licensed by another State. (2) The case of People v Nuchow (164 Misc 2d 24 [Orangetown Just Ct 1995]) held that the New York suspension-pending-prosecution statute "has no effect on drivers without a New York State driver’s license” (at 31). That decision was based exclusively on the omission in the statute’s wording of the term "driving privilege”.
For the reasons identified below, this court rejects the reasoning in Nuchow (supra) and rules that New York courts have authority pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (a) to suspend the licenses of out-of-State drivers pending prosecution of a DWI charge.
The wording of the statute is not conclusive. The legislative intent would be clearer if the statute expressly authorized the court to suspend not only a "driver’s license” but also "operating privileges”. Indeed, Vehicle and Traffic Law § 1194 (2) (b) —which authorizes suspension when a driver charged with a violation of section 1192 refuses to submit to a chemical test— specifically references the court’s authority to suspend "nonresident operating privilege”.
Note, however, that Vehicle and Traffic Law § 1193 (2) (e)— which authorizes suspension when a driver charged with driving while intoxicated has been convicted of any section 1192 violation within five years — references only suspension of a "license” and does not expressly include suspension of nonresident driving privileges. Nonetheless the statute is interpreted by courts and the Department of Motor Vehicles to include authorization to suspend nonresident driving privileges.
The legislative history of the new law is instructive. A memorandum submitted to the Legislature by the Office of Court Administration noted that, "The measure addresses a significant State policy issue”. (Mem of Off of Ct Admin, 1994 McKinney’s Session Laws of NY, at 3289.) A statement by *993 Governor Mario Cuomo, on approving the new law, leaves no doubt as to the State policy sought to be advanced by the suspension-pending-prosecution statute. "Prompt suspension not only serves as a general deterrent by mandating swift and certain penalties, but also keeps the potentially dangerous driver off the road during adjudication of the criminal charge * * * Drunk, drugged and otherwise unsafe drivers continue to plague our streets and endanger our welfare. The persistence of these threats makes clear that additional steps must be taken to rid our roads of these dangers.” (Governor’s Mem approving L 1994, ch 312, 1994 McKinney’s Session Laws of NY, at 2972.)
The policy underlying the statute is thus identified as safety on the roads of New York State. The Legislature saw fit to attempt to achieve this policy by mandating, with few exceptions, suspension of the license of a driver charged with driving while intoxicated within the State. Exempting out-of-State drivers from the consequences of the law would needlessly frustrate the objective. Such exemption would allow what Governor Cuomo identified as "potentially dangerous drivers” to continue to threaten the safety of New Yorkers only because, by happenstance, they are licensed by another State.
For the reasons stated herein, this court finds that it has the authority to suspend the defendant’s driving privileges within New York State while charges of driving while intoxicated are pending against him.