OPINION OF THE COURT
Joseph A. Grosso, J.
Defendant Condarco is charged in a misdemeanor information with Vehicle and Traffic Law § 1192 (2) and defendant Cuellar is charged in a separate misdemeanor information with Vehicle and Traffic Law § 1192 (2) and (3). The issues raised by defense counsel are identical in each case and I have joined these cases for decision.
*472 In each case, the defendant is alleged to have had operated a motor vehicle while having a blood alcohol level in excess of .10 of 1%. In each case, pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (a) and (b), the defendant’s driver’s license was suspended at arraignment because of the blood alcohol content. Defense counsel contends that this suspension procedure constitutes a penalty and, therefore, moves for orders pursuant to CPL 170.30 (1) (f) to dismiss each docket on double jeopardy grounds.
In a recent New York Law Journal article, it is evident that Vehicle and Traffic Law § 1193 (2) (e) (7) (b) has been attacked on constitutional and due process grounds throughout the State with the majority of decisions holding the statute constitutionally infirm (see, Spencer, Judges Divided Over DWI Suspension Law, NYLJ, Aug. 25, 1995, at 1, col 3).
The major attacks on this statute are in following areas:
(1) The suspension procedure at arraignment does not provide the defendant with a meaningful opportunity to be heard thereby violating his/her due process rights (see, e.g., Pringle v Wolfe, 164 Misc 2d 733 [Sup Ct, Wayne County 1995]; People v Johnson, 165 Misc 2d 904 [Just Ct 1995]).
(2) Since the length of prosecutions for Vehicle and Traffic Law § 1192 (2) offenses varies throughout the State, the length of the license suspension will vary as well, and, therefore, all defendants similarly situated are not treated equally. Accordingly, the mandated suspension procedure violates equal protection of law (see, Pringle v Wolfe, supra).
(3) The mandatory suspension of a driver’s license constitutes a penalty, thus, to continue the prosecution where a penalty has already been imposed violates the double jeopardy protection (see, People v McLees, 166 Misc 2d 260 [Dist Ct, Suffolk County 1995]).
(4) The suspension of a driver’s license is an administrative or executive act. Thus, for courts to engage in a judicial suspension procedure of a driver’s license is violative of the principles of "separation of powers” (People v Boulton, 164 Misc 2d 604 [Troy City Ct 1995]).
DUE PROCESS
From the reported decisions in New York on this issue, it appears that in those jurisdictions where Vehicle and Traffic Law § 1193 (2) (e) (7) (b) has been attacked successfully by defense counsel, the underlying accusatory instrument on which the *473 prosecution was commenced was either a simplified traffic information or a uniform traffic information. This is noteworthy since these accusatory instruments by definition contain no factual allegations (see, CPL 100.10 [2] [a]). This practice differs significantly from the practice in the Criminal Court of the City of New York. Here, Vehicle and Traffic Law § 1192 (2) prosecution is commenced by the filing of a misdemeanor complaint containing factual allegations to support the charge. It is the practice of the District Attorney’s office here in Queens County to file a certified chemical test analysis showing the defendant’s blood alcohol content at arraignment and such report is available in the vast majority of Vehicle and Traffic Law § 1192 (2) prosecutions. Thus, in most prosecutions for this charge, a prima facie case is present at the point of arraignment. Incorporated in any bail application at arraignment is a test of the sufficiency of the pleading. It is my practice in cases where I find that the People have established the Vehicle and Traffic Law § 1192 (2) count by a prima facie case supported by nonhearsay factual allegations that I give defense counsel an opportunity to rebut these allegations. In most such cases over which I have presided there has been no such challenge. Those cases where a challenge has been interposed by the defense have, to date, involved a chemical test administered after two hours of the defendant’s arrest.
[Ill conclude that since the People bear the initial burden of pleading a sufficient information and by giving the defendant an opportunity to contest these allegations due process is, at least minimally, satisfied, albeit in an expedited fashion since the suspension process must conclude before the close of the arraignment session. This statute in my opinion does not violate due process (see, People v Nuchow, 164 Misc 2d 24 [Just Ct 1995]).
EQUAL PROTECTION
I find the equal protection argument outlined in the cases above to be without merit. To suggest that similarly situated individuals are treated differently because the length of prosecutions differ overlooks the speedy trial requirements of CPL 30.30. There is a constant 90-day ready rule for misdemeanor prosecutions for Vehicle and Traffic Law § 1192 (2) charges. This rule is the same State-wide. To suggest that the varying length of prosecutions for such charges violates equal protection ignores the every day reality that the defendant, by nonappearance, by consent, by extensive and proper motion *474 practice, by plea negotiations, etc., often and to some extent is responsible for determining the length of the prosecution.
I do not see an equal protection violation under these circumstances.
DOUBLE JEOPARDY
The primary issue under this branch is whether the mandatory suspension required by Vehicle and Traffic Law § 1193 (2) (e) (7) (b) is remedial or punitive in nature. If remedial, then there is no double jeopardy violation, if punitive, there is. In the absence of a body of New York case law, I have reviewed a number of cases from foreign jurisdictions (see, e.g., State v Zerkel, 900 P2d 744 [Alaska App 1995]; State v Nichols, 169 Ariz 409, 819 P2d 995 [1991]; Snow v Superior Ct., 183 Ariz 320, 903 P2d 628 [1995]; Baldwin v Department of Motor Vehicles, 35 Cal App 4th 1630, 42 Cal Rptr 2d 422 [1995]; State v Schwander, 1995 WL 413248 [Del Super 1995]; Davidson v MacKinnon, 656 So 2d 223 [Fla App 5th Dist 1995]; State v Funke, 531 NW2d 124 [Iowa 1995]; State v Maze, 16 Kan App 2d 527, 825 P2d 1169 [1992]; Butler v Department of Pub. Safety & Corrections, 609 So 2d 790 [La 1992]; State v Savard, 659 A2d 1265 [Me 1995]; Johnson v State, 622 A2d 199, 95 Md App 561 [1993]; Rushworth v Registrar of Motor Vehicles, 413 Mass 265, 596 NE2d 340 [1992]; State v Hanson, 532 NW2d 598 [Minn App 1995]; State v Young, 3 Neb App 539, 530 NW2d 269 [1995]; State v Cassady, 140 NH 146, 662 A2d 955 [1995]; No Illegal Points, Citizens For Drivers Rights v Florio, 264 NJ Super 318, 624 A2d 981 [1993], cert denied 134 NJ 479 [1993]; State v Toriello, 71 Ohio Misc 2d 81, 654 NE2d 1075 [1995]; State v Gustafson, 1995 WL 387619 [1995], appeal granted 73 Ohio St 3d 1427, 652 NE2d 800 [1995]; Price v Reed, 725 P2d 1254 [Okla 1986]; Walton v State, 831 SW2d 488 [Tex App 1992]; Hubbard v State, 1995 WL 431746 [Tex App 1995]; State v Strong, 158 Vt 56, 605 A2d 510 [1992]; State v O’Brien, 158 Vt 275, 609 A2d 981 [1992]). A central theme emerges from these cases — the suspension of a driver’s license for intoxicated driving is designated to promote highway safety and to protect the public at large from injury. This is remedial in nature and not punitive. I find this to be the same objective of Vehicle and Traffic Law § 1193 (2) (e) (7) (b). Accordingly, I find that there is no double jeopardy bar to a Vehicle and Traffic Law § 1192 (2) prosecution where the defendant’s driver’s license was suspended at arraignment.
*475 SEPARATION OF POWERS
The right of the judiciary to suspend and/or revoke an individual’s privilege to drive has been recognized for at least the last quarter century in our State (see, e.g., Matter of Barnes v Tofany, 27 NY2d 74 [1970]). Vehicle and Traffic Law § 1193 (2) (e) (7) (b) creates no more of a judicial intrusion, if any can be found, into the realm of the executive branch of government than has existed for at least this period of time. I find no violation of the separation of powers provisions (see, People v Boulton, supra).
For all the reasons stated herein, I find the statute to be constitutional. Accordingly, the motion for orders dismissing each accusatory instrument is denied.
[Portions of opinion omitted for purposes of publication.]