Jasen, J.
After consuming four martinis during the evening of November 18, 1966, petitioner, while driving his motor vehicle, was involved in an accident. Following the collision, he was arrested on a charge of driving while intoxicated. On July 31, 1967, prior to the disposition of that charge, the Commissioner of Motor Vehicles held a hearing pursuant to section 510 of the Vehicle and Traffic Law, in regard to the accident, and the following determination was made by the hearing officer: “ I find that Barnes was grossly negligent in the operation of his motor vehicle in having imbibed of a considerable amount of alcohol prior to the accident and failed to see a vehicle which had backed out of the drive and had already moved forward about 15 feet and which was directly in his path.”
Based on these findings, the Commissioner, pursuant to authority vested in him by section 510 (subd. 3, par. [e]) of *76 the Vehicle and Traffic Law[1], suspended petitioner’s operator’s license for 60 days. No appeal was taken from this determination.
Subsequently, on March 27, 1968, petitioner entered a plea of guilty in a Court of Special Sessions to violation of section 1192 (subd. 1) of the Vehicle and Traffic Law (driving while ability is impaired by alcohol), in satisfaction of the original charge of driving while intoxicated (§ 1192, subd. 2).
Conviction of the offense of driving an automobile while ability is impaired mandates a suspension of the operator’s license for a period of 60 days (Vehicle and Traffic Law, § 510, subd. 2, par. b, cl. [i])[2] and, accordingly, on May 14, 1968, petitioner’s operator’s license was suspended by the Commissioner. Thereupon, petitioner instituted the present article 78 proceeding seeking to set aside the Commissioner’s second order of suspension.
Special Term annulled the Motor Vehicle Commissioner’s second order of suspension, holding that the first 60-day suspension, from which the petitioner sought no review, was based solely upon the petitioner’s act of driving while his ability was impaired, and, therefore, since the second 60-day suspension was based upon the same offense, it is null and void. The petitioner, the trial court ruled, should only be subject to “ ‘ a single punishment for a single act.’ ” The Appellate Division unanimously affirmed, without opinion.
On this appeal, the Commissioner contends that the initial discretionary suspension of petitioner’s operator’s license for gross negligence in the operation of a motor vehicle does not bar the subsequent mandatory suspension of petitioner’s license *77 for the conviction of operating a motor vehicle while his ability was impaired by alcohol. Additionally, the Commissioner argues that the hearing record presents facts to support a finding of gross negligence irrespective of the impairment due to drinking.
In urging affirmance of the order vacating the second suspension, petitioner claims that the two suspensions were for the same offense of operating his motor vehicle while his ability was impaired by alcohol and, thus, the second suspension "violate [s] his constitutional rights of not being placed in double jeopardy and of double punishment.”
We hold that the “double punishment” feature of our Vehicle and Traffic statute — one criminal and the other administrative— is lawful. We do not read section 510 of the Vehicle and Traffic Law to justify the conclusion that the statute was intended to only permit the imposition of one punishment for the violation of two separate sections of the statute, even though both violations arise out of the same accident. The statutory provisions of section 510 relate to suspension and revocation of licenses by both the Commissioner of Motor Vehicles and the courts. Of course, there is an element of punishment involved in each instance, but we conclude the Legislature intended to give both, the Commissioner and the court, power to impose sanctions.
The first suspension, a permissive one, was made pursuant to section 510 (subd. 3, par. [e]) of the Vehicle and Traffic Law for “ gross negligence in the operation of a motor vehicle ”— an administrative licensing procedure instituted by the Motor Vehicle Commissioner to determine whether petitioner’s operator’s license should be suspended or revoked. The purpose of this administrative hearing and any sanction imposed as a result thereof is not necessarily punitive, but is a procedure provided by the Legislature for the protection of the traveling public. The other suspension was mandatory, pursuant to section 510 (subd. 2, par. b, cl. [i]) of the Vehicle and Traffic Law, following petitioner’s conviction of violating section 1192 (subd. 1) of the Vehicle and Traffic Law.
Each of these proceedings — one, a civil administrative proceeding, and the other, a criminal action — are separate and independent of each other. The outcome of one proceeding *78 is of no consequence in the other. There is no constitutional or statutory prohibition to make the Commissioner’s implementation of the statute illegal or unlawful. Since the statute imposed upon the Commissioner a mandatory duty to suspend petitioner’s license after conviction, there was no exercise of discretion to be reviewed by the courts below as to the second suspension.
The constitutional prohibitions against double jeopardy and double punishment do not prevent the Legislature from enacting, and the executive from enforcing, civil as well as criminal sanctions for the same conduct. (Helvering v. Mitchell, 303 U. S. 391; United States v. National Assoc. of Real Estate Bds., 339 U. S. 485, 492-494; United States ex rel. Marcus v. Hess, 317 U. S. 537, 548-549.) Therefore, the question before us is really whether the sanction imposed (suspension of an operator’s license) is essentially criminal or civil in nature.
As the Supreme Court noted in Helvering v. Mitchell (303 U. S. 391, 399), “Remedial sanctions may be of varying types. One which is characteristically free of the punitive criminal element is revocation of a privilege voluntarily granted. ” It is apparent that suspension or revocation of the privilege of operating a motor vehicle is essentially civil in nature, having as its aims chastening of the errant motorist, and, more importantly, the protection of the public from such a dangerous individual.
The fact that the Legislature has declared that a 60-day suspension should be included as a penalty for criminal conviction of driving while ability is impaired, presents no reason why we should hold that an essentially civil penalty (suspension of an operator’s license) is thereby made criminal.
In any event, even if we were to conclude otherwise, a reversal would still be required since the petitioner, in failing to raise the double jeopardy claim at the time of trial, is deemed to have waived same.
Of course, the Commissioner’s exercise of discretion after the first suspension was subject to review by the court, provided a timely proceeding had been brought by the petitioner. Since no article 78 proceeding was commenced in regard to that determination, Special Term erred in reviewing the record of the first proceeding and finding that the evidence was insufficient *79 ‘ ‘ to support a finding of gross negligence. ’ ’ The present article 78 proceeding was brought solely for the purpose of reviewing the correctness of the Commissioner’s action in suspending petitioner’s operator’s license after conviction for driving while ability was impaired by alcohol and not for gross negligence. As previously stated, since the statute imposed upon the Commissioner a mandatory duty to suspend petitioner’s license after conviction, there was no exercise of discretion for the court to review herein.
Therefore, the order of the Appellate Division should be reversed.
Judges, Scileppi, Bergan and Breitel concur with Judge Jasen; Chief Judge Fuld and Judge Gibson dissent and vote to affirm on the opinion at Special Term; Judge Burke taking no part.
Order reversed, without costs, and petition dismissed.

. Section 510 (subd. 3, par. [e]) of the Vehicle and Traffic Law provides:
“ 3. Permissive suspensions and revocations. Such licenses and certificates of registrations * * * may be suspended or revoked: * * *
(e) for gross negligence in the operation of a motor vehicle or motorcycle or operating a motor vehicle or motorcycle in a manner showing a reckless disregard for life or property of others ”.

. Section 510 (subd. 2, par. b, cl. [i]) of the Vehicle and Traffic Law provides:
“ 2. * * * b. Mandatory suspensions. Such licenses shall be suspended and such certificates of registration may also be suspended.
(i) for a period of sixty days where the holder is convicted of a violation of subdivision one of section eleven hundred ninety-two.”