■ In the Matter of JERRY LOPUCHOWYCZ, as Parent and Natural Guardian of STEPHEN LOPUCHOWYCZ, an Infant, Petitioner, v JAMES H. BOOMER, as Justice of the Supreme Court, et al., Respondents.—Proceeding dismissed, without costs, on stipulation. (Art 78.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ In the Matter of ALBERT S. CHRISTIANO, JR., Respondent, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, Appellant.—Appeal dismissed, without costs, on stipulation. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ. [92 Misc 2d 961.]

■ In the Matter of CHARLES S. DICKMAN, Respondent, v JAMES P. MELTON, as Commissioner of Department of Motor Vehicles of State of New York, Appellant.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Appellant, the Commissioner of the Department of Motor Vehicles, appeals from a judgment of Special Term which nullified his revocation of respondent's operator's license pursuant to section 510 (subd 3, par [d]) of the Vehicle and Traffic Law, which provides for revocation for persistent traffic violations. Special Term's decision was based on the ground that respondent's license had already been revoked by a town Justice Court pursuant to section 510 (subd 2, par a, cl [iv]) of the Vehicle and Traffic Law following conviction of a third traffic misdemeanor within a period of 18 months. Appellant contends that the prior revocation by the court mandated by section 510 (subd 2, par a, cl [iv]) of the Vehicle and Traffic Law does not preclude the commissioner's subsequent permissive revocation. We agree. The Court of Appeals has held that the imposition of mandatory criminal revocation and of discretionary administrative revocation of the same license for the same infractions is lawful (see *Matter of Barnes v Tofany,* 27 NY2d 74). The reversal of two of respondent's reckless driving convictions does not affect the commissioner's determination. The determination was supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). (Appeal from judgment of Erie Supreme Court—art 78.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.