S. HARVEY-COOK, Respondent, v BURTON B. STEEL, Appellant

The defendant pleaded guilty to a charge of grand larceny in the third degree, admitting that he received Medicaid funds through the submission of claims for psychiatric services that were never performed. As part of his sentence, he was required to, and did, make restitution.

Subsequently, the plaintiff commenced an action pursuant to Social Services Law § 145-b to recover three times the amount the defendant fraudulently obtained. Following the service of the defendant's answer, the plaintiff moved for summary judgment. Special Term permitted the defendant to set off the amount already paid in restitution (see, Penal Law § 60.27 [6]), but otherwise granted the plaintiff's motion.

The defendant argues that the instant action should have been barred on double jeopardy grounds. However, the constitutional prohibitions against double jeopardy and double punishment do not prevent the enactment and enforcement of civil as well as criminal sanctions for the same conduct (see, *Matter of Barnes v Tofany,* 27 NY2d 74, 78; *United States ex*

*rel. Marcus v Hess,* 317 US 537, 549). The question is whether the sanction imposed is essentially criminal or civil in nature *(see, Matter of Barnes v Tofany, supra),* and is one of statutory construction *(see, Helvering v Mitchell,* 303 US 391, 399).

A reading of Social Services Law § 145-b and its accompanying legislative memorandum *(see,* Memorandum of State Executive Department, 1975 McKinney's Session Laws of NY, at 1686-1687), demonstrates that the Legislature intended this provision to be a civil statute imposing civil sanctions. The fact that this section calls for the recovery of an amount greater than the amount of actual damages provides no basis for the invalidation of the provision, which is a remedial sanction enforceable by civil proceedings *(see, United States ex rel. Marcus v Hess, supra,* at pp 550-551). Nor is the prescribed measure of recovery so unreasonable or excessive that it transforms what was clearly intended as a civil remedy into a criminal penalty *(see, One Lot Emerald Cut Stones v United States,* 409 US 232, 237). Accordingly, the sanction imposed in the case at bar is remedial in nature, and recovery is not barred by double jeopardy.

We have considered the remainder of the defendant's contentions and find them to be without merit. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.