*278 OPINION OF THE COURT
William Mogulescu, J.
On December 2, 1994, defendant was arrested and charged with operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [3]); operating a motor vehicle while impaired by drugs (Vehicle and Traffic Law § 1192 [4]) and unlawful possession of marijuana (Penal Law § 221.05). Upon defendant’s arraignment on December 3, 1994, the court ordered defendant’s license temporarily suspended pending prosecution based upon his alleged refusal to submit to a chemical test. (Vehicle and Traffic Law § 1194 [2].)[1] In a pretrial omnibus motion, defendant moved for the dismissal of the accusatory instrument on the ground that the continued prosecution is violative of the Double Jeopardy Clause of the United States and New York Constitutions. This court denied defendant’s motion in an oral ruling on June 27, 1995. This written decision expounds on that ruling.
The Double Jeopardy Clause of the Fifth Amendment[2] prohibits placing a person twice in jeopardy of life or limb for the same offense. (US Const Fifth Amend.) In Blockburger United States (284 US 299 [1932]), the Supreme Court articulated the standard for determining when offenses are similar and, therefore, successive prosecution is proscribed by the Double Jeopardy Clause. In finding that the same drug sale could result in two penalties where defendant was prosecuted under different provisions of the Narcotics Act, the Supreme Court stated: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.” (Supra, at 304.)
The Supreme Court modified the principles elucidated in Blockburger (supra) in Grady v Corbin (495 US 508 [1990]), *279 wherein the Court held that the Double Jeopardy Clause prevents a second prosecution if there exists a similarity of conduct between the former and subsequent offense. This expanded "same conduct” test was, however, short lived as the Supreme Court subsequently overruled Grady (supra) in United States v Dixon (509 US 688), and reinstated the Blockburger test as the applicable standard.
In addition to constituting the same offense, multiple punishments must ensue in order to implicate the Double Jeopardy Clause. (North Carolina v Pearce, 395 US 711 [1969].) However, while the Blockburger Court did not distinguish between a criminal and civil punishment, the Supreme Court, until recently, did not apply the sanctions of the Double Jeopardy Clause where a defendant was subjected to both civil and criminal sanctions. (See, e.g., One Lot Emerald Cut Stones v United States, 409 US 232 [1972]; United States ex rel. Marcus v Hess, 317 US 537 [1943]; Helvering v Mitchell, 303 US 391 [1938].)
Two recent Supreme Court opinions, relied upon by defendant, reveal a more expansive view of the Double Jeopardy Clause in those situations where a criminal and civil sanction is imposed for the same offense. In United States v Halper (490 US 435 [1989]), the Court addressed the issue of "whether and under what circumstances a civil penalty may constitute punishment for the purpose of the Double Jeopardy Clause.” (Supra, at 446.) The Court stated that it is not the Legislature’s characterization of a proceeding as either civil or criminal which is determinative, but rather the nature of the actual sanction imposed, and held that "under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution.” (Supra, at 448-449.)
The Court revisited the issue of what constitutes punishment for the purpose of double jeopardy in Department of Revenue v Kurth Ranch (511 US —, 114 S Ct 1937 [1994]). In that case the Supreme Court struck down a State tax statute, holding that "[a] defendant convicted and punished for an offense may not have a nonremedial civil penalty imposed against him for the same offense in a separate proceeding.” (Supra, at —, at 1945 [citing United States v Halper, supra]; see, Austin v United States, 509 US 602 [1993].)
Defense counsel argues that both the Halper and Kurth Ranch opinions (supra) lend support for a finding that the *280 continued criminal prosecution of defendant subsequent to the suspension of' his license pending prosecution violates the Double Jeopardy Clause. This court finds, however, that an application of the principles elucidated in those cases leads to the opposite conclusion. The rule to be extrapolated from Blockburger, Halper and Kurth Ranch (supra) is that multiple punishments imposed at separate proceedings for the same offense will violate the Double Jeopardy Clause. Here, while the Blockburger test compels a finding that the "offenses” are indeed similar, this court finds that the suspension of defendant’s license was neither punishment nor imposed in a separate proceeding and that, therefore, this prosecution does not violate the Double Jeopardy Clause.
The court’s suspension of defendant’s license pending prosecution is, in this case, predicated upon his refusal to take a chemical test pursuant to Vehicle and Traffic Law § 1194 (2). That statute requires that the court suspend defendant’s license upon his arraignment where the arresting police officer files with the court a verified report that sets forth reasonable grounds to believe the defendant has violated any provision of Vehicle and Traffic Law § 1192, and that defendant refused to submit to a chemical test and no such test was given to defendant. Given the language of Vehicle and Traffic Law § 1194, there is no element, contained in the underlying offense that is not subsumed in the "offense” of the suspension based on defendant’s refusal to submit to a chemical test.
Although the initial license suspension and continued prosecution run afoul of the Blockburger test, defendant must further demonstrate that he is being subjected to multiple punishments imposed at separate proceedings in order to support a finding that the continued prosecution violates the Double Jeopardy Clause. It is in regard to these two prongs, however, that defendant cannot support his claim.
Addressing the quality of the sanction, two Court of Appeals decisions are highly persuasive, if not binding authority. In Matter of Barnes v Tofany (27 NY2d 74 [1970]), the Court held that the suspension of defendant’s license pending prosecution and the subsequent suspension pursuant to defendant’s conviction for driving while impaired did not offend the notions of double jeopardy. The Barnes Court found that the initial suspension pending prosecution was
"not necessarily punitive, but is a procedure provided by the Legislature for the protection of the traveling public * * *
"It is apparent that suspension or revocation of the privilege of operating a motor vehicle is essentially civil in nature, hav *281 ing as its aims chastening of the errant motorist, and, more importantly, the protection of the public from such a dangerous individual.” (Supra, at 77-78.)
Although defendant Barnes’ license was initially suspended pursuant to Vehicle and Traffic Law § 510 (3) (e), rather than Vehicle and Traffic Law § 1194 (2), this fact does not constitute a meaningful distinction.
Subsequent to Barnes (supra), the Court of Appeals again considered the nature of the sanction in People v Craft (28 NY2d 274 [1971]). Defendant Craft, who was arrested for driving while intoxicated, argued that the failure to give Miranda warnings prior to the administration of a blood test constituted both a violation of his right to counsel and his right against self-incrimination. Rejecting defendant’s argument and finding that the failure to give Miranda warnings prior to a blood test does not effect the admissibility of this evidence, the Court went on to state, "Nor does section 1194 of the Vehicle and Traffic Law call for a different result. That statute was designed to enable the authorities to deal promptly and effectively with the scourge of drunken drivers by immediate revocation of their licenses either upon chemical proof of intoxication or upon refusal to take the blood test.” (Supra, at 278.)
While both Barnes and Craft (supra) were decided prior to Halper and Kurth Ranch (supra), those decisions do not now compel a different result as to the finding that the primary purpose of a license suspension pending prosecution is remedial rather than punitive. Further, a review of the legislative history surrounding this sanction confirms the remedial purpose of the suspension pending prosecution. When the forerunner to Vehicle and Traffic Law § 1194 was amended in 1954, the Governor’s Memorandum aptly noted that
"[t]he drinking driver represents one of the worst hazards on our highways * * *
"With this bill local law enforcement authorities will have the tools with which to rid our highways of the drinking driver. It should be implemented by vigorous action in every community of the State as an indispensable part of our highway safety program.” (1954 McKinney’s Session Laws of NY, at 1388.)
This sentiment was reiterated in the Governor’s Memorandum which accompanied a 1980 amendment to the statute where it is stated, "[t]his legislation will help to prevent senseless and tragic deaths and injuries caused by those who operate motor vehicles while under the influence of alcohol or drugs and reaf *282 firm New York State’s commitment to keep the drunk and impaired motorist off our highways.” (1980 McKinney’s Session Law of NY, at 1907.) In this context, and in the absence of any authority to the contrary, this court is compelled to find that the initial suspension of defendant’s license upon his arraignment after a refusal is remedial rather than punitive in nature.
In addition to constituting a remedial sanction, the initial suspension after a refusal is not imposed at a proceeding separate from the criminal prosecution. To the contrary, while the initial suspension is based upon the written report made by a police officer before whom the refusal was made, the suspension is imposed by the criminal court. (Vehicle and Traffic Law § 1194 [2] [b].) Thus, the initial suspension is imposed in the same forum as is any final suspension subsequent to defendant’s conviction on the underlying offense[3] The fact that the initial suspension is imposed upon defendant’s arraignment on the accusatory instrument is further indication of its incorporation into the criminal action. That there may be several months between the initial suspension and final suspension does not act to make the action a separate proceeding any more than other procedures or applications made during the course of a criminal prosecution. Rather, the suspension pending prosecution is "within the embrace of the underlying action and [is] not independent of it.” (People v McLees, 166 Misc 2d 260, 264 [Dist Ct, Suffolk County] [holding that the suspension pending prosecution pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) and subsequent criminal prosecution does not violate the Double Jeopardy Clause].)[4]
Accordingly, this court finds that the suspension of defendant’s driver’s license pending prosecution based on his refusal to submit to a chemical test and the continued criminal prosecution is not violative of the Double Jeopardy Clause. Defendant’s motion to dismiss is therefore denied.

. Defendant’s motion papers indicate that the suspension was based upon defendant’s refusal to submit to a breathalyzer test. However, the order of suspension pending prosecution form contained in the court papers indicates that the license suspension was predicated upon the charge of Vehide and Traffic Law § 1192 (4) (driving while impaired by drugs) based on defendant’s refusal to submit to a urine test.

. Although counsel moves for dismissal pursuant to both the Federal and New York Constitutions, the New York Court of Appeals has not granted defendants broader protection than would otherwise be forthcoming under the Federal Constitution. (See, Preiser, Practice Commentaries, McKinney’s Cons Law of NY, Book 11A, CPL 40.10, at 303.)

. This court does not address what impact any suspension imposed by the Commissioner of Motor Vehicles at the Department of Motor Vehicles might have upon defendant’s claim herein.

. The motion before the court does not raise, and this decision does not consider, whether the procedure set forth pursuant to this amendment to the Vehicle and Traffic Law for determining whether a suspension pending prosecution is mandated offends the notions of fairness set out in the Due Process Clause of both the State and Federal Constitutions.