OPINION OF THE COURT
Karen Morris, J.
Defendants Richard J. MacDougall and Craig W. Rebmann were arrested for driving while intoxicated (DWI) in violation of Vehicle and Traffic Law §§ 1192 (2) and (3), and various traffic infractions. In both cases, defendants’ driving licenses were suspended pending prosecution, pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (a). Prior to the suspensions, neither defendant raised the issue of possible due process violations of the referenced statute and that issue is not now before the court. Both defendants now seek dismissal of the DWI and traffic charges, arguing that prosecution of those charges would violate their constitutional rights against double jeopardy. The issues raised by the motions are identical in each case and so I have joined these cases for decision.

Double Jeopardy

The Double Jeopardy Clause of the United States Constitution prohibits, inter alia, multiple punishments for the same offense. (United States v Halper, 490 US 435 [1989].) For the reasons stated below, I find that double jeopardy is not implicated in these proceedings and I deny the motions to dismiss.
*551 As a starting point, all statutes, being the product of legislative action, are presumed to be constitutional "and this presumption can be upset only by proof persuasive beyond a reasonable doubt.” (Hotel Dorset Co. v Trust for Cultural Resources, 46 NY2d 358, 370 [1978].)
Government may impose both a criminal and a civil sanction for the same act without violating the right against double jeopardy.* To avoid double jeopardy issues, however, the civil sanction must not be so divorced from any remedial goal that it "constitute[s] 'punishment’ for the purpose of double jeopardy analysis.” (Department of Revenue of Montana v Kurth Ranch, 511 US —, —, 114 S Ct 1937, 1945 [1994]; United States v Halper, supra, citing Helvering v Mitchell, 303 US 391 [1938].) The Halper Court further stated that a civil penalty will be treated as punitive for double jeopardy purposes only when the civil sanction "may not fairly be characterized as remedial, but only as a deterrent or retribution. We acknowledge that this inquiry [of whether a civil penalty is remedial or punitive] will not be an exact pursuit.” (490 US, at 449, supra.) A sanction with both remedial and punitive attributes thus can be treated as remedial for double jeopardy purposes.

Suspension Pending Prosecution is Remedial in Nature

I find that the license-suspension-pending-prosecution is not punitive in nature but rather remedial. It does not subject the defendant to loss of liberty (incarceration) or fine. Its purpose is to promote safety on the highways. It does this by protecting users of the roadways from the very serious problem of intoxicated drivers by removing suspected drunk drivers from the road "before the culmination of a lengthy prosecution under the criminal statute”. (Hawaii v Higa, 79 Haw 1, 897 P2d 928, 933 [Sup Ct 1995].)
In Matter of Barnes v Tofany (27 NY2d 74 [1970]), the New York Court of Appeals addressed the issue of whether the right against double jeopardy prevented a court from revoking the license of a driver upon conviction for DWI where the driver’s license had been suspended pending prosecution for gross negligence in the operation of a vehicle pursuant to Vehicle and Traffic Law § 510 (3) (e). In holding that double jeopardy *552 did not apply, the Court commented upon the nature of license-suspension-pending-prosecution. "It is apparent that suspension or revocation of the privilege of operating a motor vehicle is essentially civil in nature, having as its aims chastening of the errant motorist, and, more importantly, the protection of the public from such a dangerous individual. The fact that the Legislature has declared that a 60-day suspension should be included as a penalty for criminal conviction of driving while ability is impaired, presents no reason why we should hold that an essentially civil penalty (suspension of an operator’s license) [pending prosecution] is thereby made criminal.” (Supra, at 78 [emphasis added].)
Governor Mario Cuomo’s Approval Memorandum further clarifies the State policy sought to be advanced by the suspension-pending-prosecution statute. "Prompt suspension not only serves as a general deterrent by mandating swift and certain penalties, but also keeps the potentially dangerous driver off the road during adjudication of the criminal charge* * * Drunk, drugged and otherwise unsafe drivers continue to plague our streets and endanger our welfare. The persistence of these threats makes clear that additional steps must be taken to rid our roads of these dangers.” (1994 McKinney’s Session Laws of NY, at 2972.)
Interestingly, this same memorandum has been cited as a basis for determining that the sanction of suspension-pending-prosecution is punitive. (People v Pringle, Walworth Just Ct, Daily Record, Sept. 21,1995, at 2 [note: this cite is distinguished from the due process decision issued by Judge Sirkin, Sup Ct, Wayne County]; People v McDonnell, Perinton Just Ct.) While the Governor’s Memorandum identifies both a remedial and punitive purpose, the Courts in Halper and Barnes (supra) stated such a dual objective does not create a double jeopardy issue.
In a July 8, 1994 memorandum from the Deputy Commissioner of Motor Vehicles to Elizabeth D. Moore, Counsel to Governor Cuomo, the following is noted, "Variations of prompt suspension laws are in place in numerous other states, where they’ve been credited with reductions in the number of alcohol-related fatalities” (at 2).
The remedial goals of the suspension-pending-prosecution statute is thus apparent.
I find unconvincing the reasoning for the conclusion that the suspension is punitive included in State v Gustafson (94 LWUSA 1177 [Mahoning County Ct, Ohio 1994]); People v *553 Micich (Queensbury Town Ct, 1995); People v Hamilton (Oswego City Ct, Apr. 4, 1995); and People v Conrad (2 Fiandach’s New York DWI Bulletin, No. 18, Sept. 7, 1995, at 4).
This decision — that suspension-pending-prosecution is remedial and not punitive for double jeopardy purposes — is consistent with recent holdings from this State and from other States, many of the latter from the highest State court. (People v McLees, 166 Misc 2d 260, supra; People v Condarco, 166 Misc 2d 470 [Crim Ct, Queens County]; People v Frank, 166 Misc 2d 277 [Crim Ct, NY County], supra; State v Savard, 659 A2d 1265 [Me 1995]; Butler v Department of Pub. Safety & Corrections, 609 So 2d 790 [La 1992]; State v Cassady, 140 NH 46, 662 A2d 955 [1995]; State v Higa, supra; State v Strong, 158 Vt 56, 605 A2d 510 [1992]; Freeman v State, 611 So 2d 1260 [Fla Dist Ct App 1992].)

Effect of Suspension Being of Allegedly Limited Duration

Defendant MacDougall argues that the license suspension cannot be considered remedial because its duration is limited to 30 days. However, following the 30-day suspension period, the defendant’s full driving privileges are not reinstated. Instead, the defendant is issued, if anything, a conditional license limiting driving privileges to those enumerated in Vehicle and Traffic Law § 1196 (7). The periods of license suspension in other States whose courts likewise denied double jeopardy challenges were also limited in time. (See, State v Savard, 659 A2d 1265 [Sup Ct, Me 1995], supra [90-day suspension]; Butler v Department of Pub. Safety & Corrections, 609 So 2d 790 [La 1992], supra [90-day suspension; during the last 60 days of which defendant might qualify for a restricted license].)

Comparison of Suspensions Administered to Defendants Who Plead Guilty at Arraignment and Those Who Maintain Their Innocence

Defendant MacDougall also argues that the punitive aspects of suspension-pending-prosecution are clear when compared to a defendant who pleads guilty at arraignment and receives a conditional license from the Department of Motor Vehicles. The court in People v Pringle (supra, at 2), and in People v Conrad (supra, at 5-6), utilized this comparison to conclude that the sanction of suspension-pending-prosecution was punitive.
This court finds the comparison to be inapplicable. The issuance of the conditional license upon conviction is not *554 automatic, but rather dependent on the Judge’s discretion. It can be denied. (Vehicle and Traffic Law § 1196 [7].) Further, the conditional license, if granted, does not issue until a fine in the minimum amount of $500 plus a $90 surcharge is paid. In addition, the conditional license will not be issued unless the defendant has registered for an alcohol and drug rehabilitation program, commonly called the drinking driving school. (Vehicle and Traffic Law § 1196.) Thus, a convicted DWI defendant who receives a conditional license, unlike the defendant who maintains innocence, has felt the financial consequences of driving while intoxicated and is required to participate in an instructional program on curbing drinking and driving. These prerequisites are designed in significant part to discourage the defendant from driving while intoxicated in the future so as to protect users of our roadways. Without suspension pending prosecution for the defendant who maintains innocence, the court does not have a similar opportunity to protect the highways. Thus, any difference in treatment vis-á-vis license suspension for convicted defendants and those maintaining their innocence, rather than suggesting a punitive goal for Vehicle and Traffic Law § 1193 (2) (e) (7) (a), confirms the statute’s remedial nature.

Conclusion

Although the sanction of license-suspension-pending-prosecution may be viewed by the defendant as punitive, the Supreme Court in Department of Revenue of Montana v Kurth Ranch (511 US —,—, 114 S Ct 1937, 1945, n 14, supra) stated, "[W]hether a sanction constitutes punishment is not determined from the defendant’s perspective, as even remedial sanctions carry the 'sting of punishment.’ 490 U.S., at 447 n.7”.
Based on the above, the decision of this court is that double jeopardy does not attach to suspension of a license pending prosecution of DWI pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (a). Defendants’ motion to dismiss is denied.

 Some cases addressing the double jeopardy issue have analyzed whether the proceeding at which the license is suspended is separate from the criminal prosecution. (People v McLees, 166 Misc 2d 260; People v Pringle, Daily Record, Sept. 21,1995, at 1; People v Frank, 166 Misc 2d 277.) I find the issue of the nature of the sanction dispositive.