OPINION OF THE COURT
Francis A. Affronti, J.
By notice of motion, the defendant seeks dismissal of the first and second counts of the instant indictment accusing him of felony driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2) and (3), respectively, contending that such prosecution violates his constitutional and statutory rights (see, CPL 40.20) against double jeopardy. Defendant’s claim is founded upon his belief that the mandatory suspension of his driver’s license pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) constituted punishment and that any further prosecution subjects him to successive prosecutions and potential multiple punishments for the same crimes. Although this issue has been the subject of numerous decisions throughout the United States, including several in New York, it has not yet been decided by a New York appellate court or a superior criminal court within this Department.
The relevant facts are undisputed and may be briefly stated. The defendant was arrested on February 25, 1995 for driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3). On April 26, 1995, he was arraigned in Penfield Town Court, at which time his driver’s license was suspended pursuant to statute. (See, Vehicle and Traffic Law § 1193 [2] [e] [7].) In substance, said provision, which became effective on November 1, 1994, provides that upon arraignment for an alleged violation of either of the aforesaid subdivisions of Vehicle and Traffic Law § 1192, the court must suspend the defendant’s driver’s license pending prosecution, if the accusatory instrument provides reasonable cause to believe that, based upon a chemical analysis, the defendant’s blood alcohol content was at least .10 of 1%.
The constitutional guarantee against double jeopardy embodied in article I, § 6 of the New York Constitution, and in the Fifth Amendment of the United States Constitution, made applicable to the States by the Fourteenth Amendment (see, Benton v Maryland, 395 US 784), prohibits a second trial or prosecution for the same offense following either an acquittal *497 or a conviction, while additionally precluding multiple punishments. (See, Schiro v Farley, 510 US 222; Jones v Thomas, 491 US 376; North Carolina v Pearce, 395 US 711; People v Sailor, 65 NY2d 224.)
The People maintain that double jeopardy does not apply because the suspension of the defendant’s license pending prosecution (see, Vehicle and Traffic Law § 1193 [2] [e] [7]) is remedial in nature, and, thus, not punitive. In addition, it is the People’s position that both the suspension and prosecution of the driving while intoxicated offenses occur within a single criminal action or prosecution, and as such, the defendant is not subjected to successive prosecutions.
It is readily apparent to this court that the required proof for conviction under Vehicle and Traffic Law § 1192 (2) is indistinguishable from that which serves as the basis for suspension of one’s driver’s license pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7). Since identical statutory elements control, the two provisions constitute the "same offense” for purposes of double jeopardy analysis. (See, United States v Dixon, 509 US 688; Matter of Corbin v Hillery, 74 NY2d 279, affd sub nom. Grady v Corbin, 495 US 508.)
It is more problematic, however, for this court to determine whether the suspension pending prosecution is remedial in nature, as opposed to punishment, since the protection afforded by the constitutional Double Jeopardy Clauses "prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense”. (See, Helvering v Mitchell, 303 US 391, 399; see also, People v Daniels, 194 AD2d 420; Matter of Giudice v Adduci, 176 AD2d 1175; Matter of Constantine v One 1980 Datsun, 163 AD2d 866.)
In support of their argument that suspension of one’s license rises to the level of punishment, the defendant and the few cases that have so held (see, e.g., State v Gustafson, 1995 WL 387619 [Ohio Ct App, 7th Dist, June 27, 1995, Cox, J.]; People v McRobbie, 168 Misc 2d 151 [Just Ct, Monroe County 1995]) place heavy weight on the principles recently enunciated by the United States Supreme Court, wherein it has determined the circumstances under which civil penalties or taxes constitute punishment for double jeopardy analysis. (See, United States v Halper, 490 US 435 [1989]; Department of Revenue of Montana *498 v Kurth Ranch, 511 US 767 [1994].)* The prosecution argues that these decisions do not apply to a suspension of driving privileges, referring instead to the legal precedent espoused in Matter of Barnes v Tofany (27 NY2d 74). In Barnes, our Court of Appeals held that mandatory suspension of petitioner’s driver’s license following his conviction for driving while impaired did not offend double jeopardy principles even though, prior to conviction, the Commissioner of Motor Vehicles suspended the person’s driver’s license. There, the Court reasoned that although there was an "element of punishment involved” (supra, at 77) "suspension or revocation of the privilege of operating a motor vehicle is essentially civil in nature, having as its aims chastening of the errant motorist, and, more importantly, the protection of the public from such a dangerous individual.” (Supra, at 78.)
Subsequently, the United States Supreme Court abandoned the civil versus the criminal classifications utilized by the Court in Barnes (supra) holding that such labels were not dispositive, as even "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment” (United States v Halper, supra, at 448; see also, Austin v United States, 509 US 602, 610, 621). Four years later, in Kurth Ranch (supra) the Supreme Court ruled that Montana’s drug tax constituted punishment, as opposed to it being a remedial sanction. (See, Department of Revenue of Montana v Kurth Ranch, supra.)
While Halper and Kurth Ranch (supra) cast some doubt on the abiding validity of the Barnes rationale, language can be found in both decisions indicating that double jeopardy rules stated therein were not intended for general application. Further language found in those decisions also supports the conclusion that such sanctions may include deterrence as its purpose, while still not being characterized as punishment, so long as the goal served by the sanctions is not disproportionate when compared to their remedial objectives. (United States v Halper, supra, at 448-450; Department of Revenue of Montana v Kurth Ranch, supra, 511 US, at 779-780, 114 S Ct, at 1945-1946.)
*499 Nationwide, there has been a proliferation of judicial opinions which have recently addressed whether suspension pending prosecution of an alcohol-related driving offense constituted punishment, most of which focus upon the relevance of the Halper and Kurth Ranch opinions (supra). Although the application of Halper and Kurth Ranch varied, these Courts have overwhelmingly concluded that such suspension is remedial and not punitive because it is employed primarily as a public safety measure. (See, State v Hansen, 249 Neb 177, 542 NW2d 424 [1996]; State v Hanson, 543 NW2d 84 [Minn 1996]; Schrefler v State, 660 NE2d 585 [Ind 1996]; State v Kocher, 542 NW2d 556 [Iowa 1996]; State v Arbon, 909 P2d 1270 [Utah 1996]; State v Phillips, 138 Ore App 468, 909 P2d 882 [1996]; State v Hickam, 235 Conn 614, 668 A2d 1321 [1995]; State v Mertz, 258 Kan 745, 907 P2d 847 [1995]; Kirkpatrick v State, 219 Ga App 307, 464 SE2d 882 [1995]; Leduc v Commonwealth, 421 Mass 433, 657 NE2d 755 [1995]; State v Zimmerman, 539 NW2d 49 [ND 1995]; Krall v Commonwealth of Pennsylvania, 903 F Supp 858 [ED Pa 1995]; Thompson v State of Maine Attorney Gen., 896 F Supp 220 [D Me 1995]; People v Condarco, 166 Misc 2d 470 [Crim Ct, Queens County 1995] [see additional cases cited thereat]; People v McLees, 166 Misc 2d 260 [Suffolk Dist Ct 1995]; People v Frank, 166 Misc 2d 277 [Crim Ct, NY County 1995]; People v MacDougall, 165 Misc 2d 991 [Just Ct, Monroe County 1995].)
Similarly, this court concludes that although a license suspension pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) may have a deterrent effect, its primary aim and objective is the promotion of highway safety. As a result, its remedial purpose is not overborne to the extent, that it should be categorized as punishment.
Even if this court were to conclude that the license suspension does equate with punishment, its inquiry would not stop at that juncture. Both Halper and Kurth Ranch (supra), and other precedent as well, clearly recognize that Legislatures may authorize multiple punishments for a single act within the same prosecution or proceeding. (See, Department of Revenue of Montana v Kurth Ranch, supra, 511 US, at 779, 781, n 21, 783; United States v Halper, supra, at 451, n 10; Missouri v Hunter, 459 US 359; United States v Millan, 2 F3d 17 [2d Cir].) The interest protected "in the multiple punishments context * * * is 'limited to ensuring that the total punishment [does] not exceed that authorized by the legislature.’ ” (Jones v Thomas, supra, at 381; see also, Ohio v Johnson, 467 US 493, *500 499.) Thus, if the Legislature so intends, double jeopardy does not bar cumulative punishments in a single proceeding, such as a combination of a prison term plus a fine, consecutive sentences, or a prison term plus a forfeiture. (See, United States v Torres, 28 F3d 1463, 1464 [7th Cir]; United States v One Single Family Residence, 13 F3d 1493 [11th Cir].)
Judicial opinions throughout New York are divided as to whether suspension of a driver’s license pending prosecution and the prosecution of a violation of Vehicle and Traffic Law § 1192 occur within the same or separate proceedings. (Same: People v McLees, supra; People v Frank, supra; People v Golio, NYLJ, Dec. 12, 1995, at 32, col 4 [Nassau Dist Ct]; People v Rugsley, Greene County Ct, Oct. 27, 1995; People v Rawlins, Just Ct, Town of Chili, Nov. 7, 1995; Separate: People v Hamilton, Oswego City Ct, Apr. 4, 1995; People v McRobbie, supra.) It is evident, however, from a fundamental reading of the statutes, that the Legislature contemplated and provided for, within the same criminal proceeding, the imposition of criminal sanctions for violating Vehicle and Traffic Law § 1192 (2) or (3) subsequent to a suspension pending prosecution under Vehicle and Traffic Law § 1193 (2) (e) (7). The enactment of Vehicle and Traffic Law § 1193 (2) (e) (7) did not create a new criminal action or prosecution, but merely an additional consequence attendant upon a court’s finding that a driver’s blood alcohol content was .10% or more. Therefore, it is obvious to this court that suspension pending prosecution is imposed within the structure of a single criminal prosecution, albeit, at a preliminary stage thereof. The suspension could not occur without the prosecution, having no life separate and apart from a criminal action alleging a violation of Vehicle and Traffic Law § 1192 (2) or (3). As noted in People v McLees (supra) and People v Golio (supra), the procedure is analogous to several other preverdict orders such as the granting of an order of protection or in bail determinations, which courts are authorized to issue within a criminal proceeding, all of which impose restrictions upon a defendant’s rights, yet not subjecting him/ her to multiple prosecutions.
Since suspension pending prosecution pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) is not a separate proceeding, and further, since it was the Legislature’s manifest intent that, in addition to a suspension pending prosecution, one could be punished following a conviction under Vehicle and Traffic Law § 1192 (2) or (3), the defendant’s double jeopardy rights *501 have not been violated. Such conclusion, as well as this court’s ruling that defendant’s license suspension does not constitute punishment, is inescapable, especially in light of the myriad of legal pronouncements previously enumerated, together with a plain reading of the applicable statutes.
Accordingly, and upon the above, the defendant’s motion to dismiss the indictment on double jeopardy grounds is hereby denied in its entirety.

 In Halper (supra) the Court was confronted with the civil False Claims Act (31 USC §§ 3729-3731) which authorized recovery of $2,000 as a civil penalty for each of 65 fraudulent claims resulting in overpayment totalling $585, for which Halper had previously been convicted. In Kurth Ranch (supra) the Court dealt with taxes totalling $900,000 assessed against the Kurths under Montana’s drug tax, after their conviction for marihuana possession charges and a civil forfeiture action had been settled.