OPINION OF THE COURT
Memorandum.
Orders unanimously reversed on the law, accusatory instruments charging defendants with violation of Vehicle and Traffic Law § 1192 (2) reinstated and matters remanded to the court below for further proceedings.
This court notes that Vehicle and Traffic Law § 1193 (2) (e) (7) has been challenged on a myriad of grounds — due process, equal protection, separation of powers, etc. This opinion, however, is limited to the People’s contention that the court below improperly dismissed the Vehicle and Traffic Law § 1192 (2) counts after erroneously finding that had defendants been prosecuted for violating Vehicle and Traffic Law § 1192 (2), after having had their drivers’ licenses suspended pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7), they would receive multiple punishment for the same offense in violation of the Double Jeopardy Clause.
In the case at bar each defendant had been charged with, among other things, the violation of Vehicle and Traffic Law § 1192 (2), (3) and § 1180 (d). The court below suspended defendants’ drivers’ licenses pursuant to Vehicle and Trafile Law § 1193 (2) (e) (7) and, thereafter, dismissed the Vehicle and Traffic Law § 1192 (2) charges against each defendant, stating that defendants would face multiple punishments for the same offense had they also been prosecuted, in a separate proceeding, for the Vehicle and Traffic Law § 1192 (2) charges. The court below specifically found that the prosecution of Vehicle and Traffic Law § 1192 (3) would not subject defendants to double jeopardy.
Based on the following analysis, this court finds that a preliminary license suspension, pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7), during the course of the prosecution of a Vehicle and Traffic Law § 1192 (2) violation, does not violate *1068 double jeopardy; that although Vehicle and Traffic Law § 1192
(2) and § 1193 (2) (e) (7) constitute the "same offense” for the purposes of double jeopardy, they do not constitute separate prosecutions for the purposes of double jeopardy; and that Vehicle and Traffic Law § 1193 (2) (e) (7) is a remedial sanction, both in purpose and effect.
Article I, § 6 of the New York State Constitution states that "[n]o person shall be subject to be twice put in jeopardy for the same offense”, and CPL 40.20 (1) states that "[a] person may not be twice prosecuted for the same offense.” In addition, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, which is applicable to the States through the Fourteenth Amendment, provides three separate constitutional protections: (1) protection against a second prosecution of the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense (North Carolina v Pearce, 395 US 711, 717; Benton v Maryland, 395 US 784; Helvering v Mitchell, 303 US 391, 399; Matter of Barnes v Tofany, 27 NY2d 74, 77-78).
The United States Supreme Court has defined "same offense” as follows: "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.” (Block-burger v United States, 284 US 299, 304.) Likewise the Court of Appeals has stated that, "[i]n essence, to be the 'same offense’ within the meaning of the Federal Double Jeopardy Clause the crimes must have essentially the same statutory elements or one must be a lesser included offense of the other” (Matter of Corbin v Hillery, 74 NY2d 279, 289).
The Court of Appeals has stated, in Matter of Barnes v Tofany (27 NY2d 74, 78, supra), that a driver’s license suspension pursuant to Vehicle and Traffic Law § 510 is a civil remedial suspension procedure and that, "suspension or revocation of the privilege of operating a motor vehicle is essentially civil in nature, having as its aims chastening the errant motorist, and, more importantly, the protection of the public from such a[n] * * * individual.” Additionally, the Supreme Court has made it clear that a civil sanction will be considered punishment to the extent that it serves only the purpose of retribution and deterrence as opposed to the furtherance of a nonpunitive objective (United States v Halper, 490 US 435, 448-451; see *1069 also, United States v Ward, 448 US 242, 248-249; Kennedy v Mendoza-Martinez, 372 US 144,168). Nonetheless, the Supreme Court has also noted, "[t]hat the Government seeks [a] civil penalty in a second proceeding is critical in triggering the protections of the Double Jeopardy Clause. Since a legislature may authorize cumulative punishment under two statutes for a single course of conduct, the multiple-punishment inquiry in the context of a single proceeding focuses on whether the legislature actually authorized the cumulative punishment” (United States v Halper, supra, at 451, n 10; see also, Department of Revenue v Kurth Ranch, 511 US 767, 781-782, n 21). In any event, "[t]here is a simple, but well-founded, presumption that an act of the Legislature is constitutional and this presumption can be upset only by proof persuasive beyond a reasonable doubt” (Hotel Dorset Co. v Trust for Collateral Resources, 46 NY2d 358, 370).
Moreover, it is well-settled law that remedial sanctions may be of varying types. One of which is characteristically free of the punitive criminal element is revocation of a privilege voluntarily granted (Helvering v Mitchell, supra, at 399-400). The Supreme Court has also noted that administrative license suspensions are "designed to keep off the roads those drivers who are unable to or unwilling to respect traffic rules and the safety of others” (Dixon v Love, 431 US 105, 115; Mackey v Montrym, 443 US 1, 17-18; see also, People v Gerstner, 168 Misc 2d 495; People v McLees, 166 Misc 2d 260).
Governor Cuomo, in pertinent parts of his statement upon approval of Vehicle and Traffic Law § 1193 (2) (e) (7), stated that:
"This bill, which will further our safety efforts, requires the court to suspend a driver’s license, at arraignment, pending prosecution of a person alleged to have been driving with a blood alcohol content of .10 or more.
"Prompt suspension of the driver’s license of a person alleged to have operated a vehicle with an excessive BAG is one of the most effective weapons in the war against drunk drivers. A judicially-ordered suspension, in the context of the already-existing criminal proceeding, is the most efficient and effective means of balancing the public’s interest in highway safety with the rights of the criminal defendant. Prompt suspension not only serves as a general deterrent by mandating swift and certain penalties, but also keeps the potentially dangerous driver off the road during adjudication of the criminal charge.” (1994 McKinney’s Session Laws of NY, at 2972-2973.)
*1070 In the case at bar, it is clear that the statutory elements and/or proof required for a conviction under Vehicle and Traffic Law § 1192 (2) are the same as those which are required for mandatory license suspension pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7). An overview of Vehicle and Traffic Law § 1193 (2) (e) (7) shows that the trial court must, pending prosecution of a Vehicle and Traffic Law § 1192 (2) or (3) charge, suspend a defendant’s driver’s license when the court has reasonable cause to believe that the defendant drove a motor vehicle while he had a blood alcohol content exceeding .10%. Clearly, both statutes require the determination that a defendant has operated a motor vehicle while having a blood alcohol level of more than .10% by weight. The same statutory elements pertain to both statutes and, therefore, for double jeopardy purposes they constitute the same offense (Blockburger v United States, supra, at 304; Matter of Corbin v Hillery, supra, at 289; People v Gerstner, supra).
However, a driver’s license suspension pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) does not fall within the Double Jeopardy Clause since it is remedial in nature (United States v Halper, supra, at 448-449; Matter of Barnes v Tofany, supra, at 78), and it is the clear intent of the Legislature to impose cumulative sanctions under two statutes for a single course of conduct (United States v Halper, supra, at 451, n 10; Department of Revenue v Kurth Ranch, supra, at 781-782, n 21). A review of Governor Cuomo’s statement upon approval of the statute clearly shows that the statute was imposed in order to enhance public safety on the streets, which is to be carried out in a "judicially-ordered suspension, in the context of the already-existing criminal proceeding” (1994 McKinney’s Session Laws of NY, at 2972; Matter of Barnes v Tofany, supra, at 78; People v Gerstner, 168 Misc 2d 495, supra; People v McLees, supra; see also, Mackey v Montrym, supra, at 17-18; Dixon v Love, supra, at 115). In addition, in the event that the effect of the license suspension imposes some sort of deterrence, such effect, however, is not so great as to establish that the statute is so punitive as to be unconstitutional. The statute allows for hardship licenses and, after 30 days, a driver may receive a conditional license pursuant to Vehicle and Traffic Law § 1196 (7) (h). In any event, the effect of Vehicle and Traffic Law § 1193 (2) (e) (7) does not exceed that which was authorized by the Legislature (Jones v Thomas, 491 US 376, 387).
Besides the clear intent of the Legislature, there are other factors which support the determination that Vehicle and Traf *1071 fie Law § 1192 (2) and § 1193 (2) (e) (7) are not separate proceedings. Since the license proceeding is a temporary suspension, lasting only until the conclusion of the Vehicle and Traffic Law § 1192 (2) prosecution, it is not a prosecution within the meaning of CPL 40.30 (1) and, therefore does not constitute double jeopardy pursuant to CPL 40.20 (2). Also, the statute is only viable as part of the Vehicle and Traffic Law § 1192 (2) or (3) prosecution.
Accordingly, a driver’s license suspension pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) is a judicially ordered remedial civil sanction imposed pending, and as part of, the prosecution of a violation of Vehicle and Traffic Law § 1192 (2) or (3) which does not violate the Double Jeopardy Clause. Therefore, the accusatory instruments charging defendants with the violation of Vehicle and Traffic Law § 1192 (2) are reinstated.
Collins, J. P., Ingrassia and Floyd, JJ., concur.