[649 NYS2d 507]

In the Matter of DAVID A. SMITH, Petitioner, v COUNTY COURT OF ESSEX COUNTY et al., Respondents.

Third Department, October 31, 1996

**APPEARANCES OF COUNSEL**

*O'Connell & O'Connell,* Plattsburgh *(Cynthia L. O'Connell* of counsel), for petitioner.

*Ronald J. Briggs, District Attorney* of Essex County, Elizabethtown *(Debra A. Whitson* of counsel), for respondents.

### OPINION OF THE COURT

SPAIN, J.

On June 9, 1995, petitioner was arrested for driving while intoxicated (hereinafter DWI) and arraigned in Town Court of the Town of Jay, Essex County. At the completion of his arraignment, petitioner's driving privileges were suspended pursuant to the mandatory provisions of Vehicle and Traffic Law § 1193 (2) (e) (7). Thereafter, petitioner was indicted and arraigned in Essex County Court on a five-count indictment which included charges of operating a motor vehicle while having a blood alcohol concentration of .10% or more *(see,* Vehicle and Traffic Law § 1192 [2]) and operating a motor vehicle in an intoxicated condition *(see,* Vehicle and Traffic Law § 1192 [3]).

Petitioner entered pleas of not guilty and subsequently filed an omnibus motion seeking, *inter alia,* dismissal of the DWI charges upon the ground that a criminal prosecution, following the suspension of his license, would subject him to multiple punishment for the same offense in violation of the Fifth Amendment of the US Constitution. Respondent Supreme Court Justice Jan H. Plumadore, by decision/order dated October 7, 1995, rejected petitioner's double jeopardy argument and denied petitioner's motion to dismiss the indictment. In December 1995, petitioner initiated the instant proceeding in this Court seeking to prohibit his pending trial in County Court on the ground of double jeopardy. Respondents assert, however, that the suspension of petitioner's license does not constitute punishment for the purposes of double jeopardy.

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb" (US Const 5th Amend). Protection against double jeopardy consists of the protection from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense *(see, North Carolina v Pearce,* 395 US 711, 717). Petitioner seeks relief based upon an alleged violation of the third protection. Notably, the constitutional prohibitions against double jeopardy and double punishment do not prevent the enactment and enforcement of both civil and criminal sanctions for the same conduct *(see, Helvering v Mitchell,* 303 US 391, 399; *Matter of Barnes v Tofany,* 27 NY2d 74, 78). In determining whether a sanction is criminal or civil,

it is not the characterization of the sanction which is determinative but rather the nature of the sanction imposed (*see, United States v Halper*, 490 US 435, 448). Here, the statutory provision mandates the suspension of "a driver's license, pending prosecution, of any person charged with [DWI] who, at the time of arrest, is alleged to have had .10 of one percent or more by weight of alcohol in such driver's blood" (Vehicle and Traffic Law § 1193 [2] [e] [7] [a]). The key issue presented is whether the suspension of an operator's license pending prosecution is a punishment that bars a subsequent criminal prosecution based on the same act (*see, Matter of Barnes v Tofany, supra,* at 78).

Although only trial courts in New York have addressed this issue and answered in the negative (*see, People v Gerstner*, 168 Misc 2d 495; *People v MacDougall*, 167 Misc 2d 549; *People v Condarco*, 166 Misc 2d 470, 474; *People v Frank*, 166 Misc 2d 277; *People v McLees*, 166 Misc 2d 260; *cf., People v McRobbie*, 168 Misc 2d 151), the appellate courts of numerous other jurisdictions have concluded that statutes which suspend an operator's license pending prosecution are remedial and not punitive in nature because they are employed primarily as a public safety measure (*see, State v Hanson*, 543 NW2d 84, 86 [Minn]; *Schrefler v State*, 660 NE2d 585, 588 [Ind]; *State v Kocher*, 542 NW2d 556, 558 [Iowa]; *State v Arbon*, 909 P2d 1270, 1275 [Utah], *cert denied* 916 P2d 909; *State v Phillips*, 138 Ore App 468, 474, 909 P2d 882, 886, *review denied* 323 Ore 114, 913 P2d 1384; *State v Hickam*, 235 Conn 614, 626, 668 A2d 1321, 1328, *cert denied* — US —, 116 S Ct 1851; *State v Mertz*, 258 Kan 745, 760, 907 P2d 847, 857; *Kirkpatrick v State*, 219 Ga App 307, 308, 464 SE2d 882, 883; *Leduc v Commonwealth*, 421 Mass 433, 434, 657 NE2d 755, 756, *cert denied* — US —, 117 S Ct 91; *State v Zimmerman*, 539 NW2d 49, 55-56 [ND]; *State v Strong*, 158 Vt 56, 63, 605 A2d 510, 514; *Butler v Department of Pub. Safety & Corrections*, 609 So 2d 790, 795-796 [La]; *see also, Krall v Commonwealth of Pa.*, 903 F Supp 858, 862-863; *Thompson v State of Me. Attorney Gen.*, 896 F Supp 220, 222, *affd sub nom. Allen v Attorney Gen. of State of Me.*, 80 F3d 569). In our view, the same reasoning applies in the case at bar.

Furthermore, a review of the legislative history of the statute in question reveals that the purpose of the suspension-pending-prosecution provision is remedial in nature. The Governor's approval memorandum clarifies the State policy sought to be advanced and states, in pertinent part, as follows:

"Prompt suspension not only serves as a general deterrent by mandating swift and certain penalties, but also keeps the potentially dangerous driver off the road during adjudication of the criminal charge. * * *

"Drunk, drugged and otherwise unsafe drivers continue to plague our streets and endanger our welfare. The persistence of these threats makes clear that additional steps must be taken to rid our roads of these dangers" (Governor's Mem, 1994 McKinney's Session Laws of NY, at 2972).

Moreover, the Court of Appeals, when reviewing the analogous suspension provisions authorized by Vehicle and Traffic Law § 510, found that a license to operate a motor vehicle is a privilege and expressly held that the suspension or revocation of that privilege is essentially civil in nature (*see, Matter of Barnes v Tofany*, 27 NY2d 74, 78, *supra*).

Finally, the fact that this sanction might also have some punitive aspects, such as retribution and deterrence, should be of no import (*see, United States v Halper*, 490 US 435, 448-449, *supra*). The primary purpose of the suspension-pending-prosecution statute is to protect the public by removing potentially dangerous drivers from the roads before they can cause serious and lasting harm to the public. The prescribed sanction contained within Vehicle and Traffic Law § 1193 (2) (e) (7) is neither so unreasonable nor excessive that it transforms what was clearly intended as a civil remedy into a criminal penalty (*see, Rex Trailer Co. v United States*, 350 US 148, 154; *Harvey-Cook v Steel*, 124 AD2d 709, 710, *appeal dismissed* 70 NY2d 746). The statute may be deemed criminal in nature only upon the clearest proof that the scheme is so punitive as to negate the intent to establish a civil penalty (*see, United States v Ward*, 448 US 242, 248-249; *Kennedy v Mendoza-Martinez*, 372 US 144, 168-169). Accordingly, we conclude that the effect of the suspension-pending-prosecution sanction contained in Vehicle and Traffic Law § 1193 (2) (e) (7) is not so punitive as to violate petitioner's protection from being placed in double jeopardy.

CARDONA, P. J., MERCURE, CASEY and CARPINELLO, JJ., concur.

Adjudged that the petition is dismissed, without costs.