OPINION OF THE COURT
Memorandum.
Order unanimously reversed on the law, accusatory instrument charging defendant with the offenses of Vehicle and Traffic Law § 1192 (2) and (3) reinstated and matter remanded to the court below for further proceedings.
Defendant had been charged with, among other things, the violation of Vehicle and Traffic Law § 1192 (2) and (3). The court below subsequently suspended defendant’s driver’s license pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) and, thereafter, dismissed the Vehicle and Traffic Law § 1192 (2) and (3) violations, stating that defendant would face multiple punishments for the same offense had he also been prosecuted, in a separate proceeding, for the Vehicle and Traffic Law § 1192 (2) violations; and that since defendant could not be prosecuted on the Vehicle and Traffic Law § 1192 (2) violation, which also precluded the admission into evidence of the supporting depositions, bills of particulars and evidence of defendant’s blood alcohol content levels, the doctrine of collateral estoppel and CPL 40.40 (1) barred the prosecution of defendant on the Vehicle and Traffic Law § 1192 (3) violation.
*862 This court finds that a preliminary license suspension, pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7), during the course of the prosecution of a Vehicle and Traffic Law § 1192 (2) or (3) violation, does not violate double jeopardy; that even though Vehicle and Traffic Law § 1192 (2) and § 1193 (2) (e) (7) constitute the "same offense” for the purposes of double jeopardy, they do not constitute separate prosecutions for the purposes of double jeopardy; and that Vehicle and Traffic Law § 1193 (2) (e) (7) is a remedial sanction, both in purpose and effect. We also find that Vehicle and Traffic Law § 1192 (3) and § 1193 (2) (e) (7) do not constitute the "same offense” for the purposes of double jeopardy; and that the prosecution of a Vehicle and Traffic Law § 1192 (3) violation is not barred by the doctrine of collateral estoppel or CPL 40.40 (1).
Article I, § 6 of the New York State Constitution states that "no person shall be subject to be twice put in jeopardy for the same offense” and CPL 40.20 (1) states that "[a] person may not be twice prosecuted for the same offense”. In addition, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, which is applicable to the States through the Fourteenth Amendment, provides three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense (see, North Carolina v Pearce, 395 US 711, 717; Benton v Maryland, 389 US 784; Helvering v Mitchell, 303 US 391, 399; Matter of Barnes v Tofany, 27 NY2d 74, 77-78).
In People v Conrad (169 Misc 2d 1066), this court held that a preliminary license suspension, pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7), during the course of the prosecution of a Vehicle and Traffic Law § 1192 (2) violation, does not violate double jeopardy; that even though Vehicle and Traffic Law § 1192 (2) and § 1193 (2) (e) (7) constitute the "same offense” for the purposes of double jeopardy, they do not constitute separate prosecutions for the purposes of double jeopardy; and that Vehicle and Traffic Law § 1193 (2) (e) (7) is a remedial sanction, both in purpose and effect. In view of the foregoing, the court below erroneously held that the suspension of defendant’s driver’s license pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) barred the prosecution of the Vehicle and Traffic Law § 1192 (2) violation pending against defendant (see also, Matter of Smith v Essex, 224 AD2d 89; People v Roach, 226 AD2d 55). Moreover, based upon the following analysis, *863 the court below improperly dismissed defendant’s Vehicle and Traffic Law § 1192 (3) violation by misapplying the intent of CPL 40.40 (1) and the theory of collateral estoppel.
In Blockburger v United States (284 US 299, 304), the United States Supreme Court defined the "same offense” as follows: "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.” Likewise, the Court of Appeals has stated that, "[i]n essence, to be the 'same offense’ within the meaning of the Federal Double Jeopardy Clause the crimes must have essentially the same statutory elements or one must be a lesser included offense of the other” (Matter of Corbin v Hillery, 74 NY2d 279, 289).
It is clear that Vehicle and Traffic Law § 1192 (3) and § 1193 (2) (e) (7) do not have the same statutory elements, and one is not the lesser included offense of the other, since there is no requirement in Vehicle and Traffic Law § 1192 (3) that a defendant has driven a motor vehicle while having a blood alcohol level of more than .10% by weight. These Vehicle and Traffic Law sections, therefore, do not constitute the "same offense” for the purposes of double jeopardy (see, Blockburger v United States, supra). Therefore, contrary to the conclusions of the court below, the People are not collaterally estopped from using the evidence of defendants’ blood alcohol contént and the evidence set forth in the supporting depositions and the bills of particulars in support of their prosecution of defendant on the Vehicle and Traffic Law § 1192 (3) violation. In addition, it is clear that the court below misinterpreted the intent of CPL 40.40 (1) when it held that the prosecution of the Vehicle and Traffic Law § 1192 (3) violation is precluded by CPL 40.40 (1), since CPL 40.40 (1) solely deals with the prosecution of offenses in an indictment.
DiPaola, P. J., Stark and Ingrassia, JJ., concur.