■ In the Matter of ICENIAR R., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FRANKIE R., Appellant. [899 NYS2d 639]—

In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from (1) an order of the Family Court, Kings County (Danoff, J.), dated June 18, 2009, which, after a hearing, granted the respondent's motion to hold the father in contempt for his willful violation of an order of protection of the same court dated July 28, 2008, and found that he committed four violations, and (2) an order of commitment of the same court, also dated June 18, 2009, which, upon the order dated June 18, 2009, committed him to the custody of the New York City Department of Corrections for four consecutive terms of imprisonment of six months each.

Ordered that the order is modified, on the law, by deleting the provisions thereof finding the father to be in contempt for willfully violating the order of protection on February 8, 2009, February 18, 2009, and on an unspecified date; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the order of commitment is modified, on the law, by deleting the provisions thereof committing the father to the custody of the New York City Department of Corrections for four consecutive terms of imprisonment of six months each, and substituting therefor a provision committing the father to the custody of the New York City Department of Corrections for one term of imprisonment of six months; as so modified, the order of commitment is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for calculation of the period of imprisonment served by the father.

As the Administration for Children's Services (hereinafter ACS) correctly concedes, the father cannot be found to have violated the order of protection on February 8, 2009, February 18, 2009, and on an unspecified date, since he was not given notice of those specific charges prior to the hearing (see Matter of Prinzo v Jenkins, 251 AD2d 709 [1998]). In any event, we note that the imposition of the penalty of incarceration for the father's actions that occurred on February 8, 2009, and February 18, 2009, violated the prohibition against double jeopardy, since the father pleaded guilty to violating the order of protection on those dates in a prior criminal proceeding (cf. People v Wood, 95 NY2d 509, 513 [2000]; People v Keenan, 297 AD2d 646 [2002]).

The father's remaining contention is without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.