McCarthy, J.P.
 

 Appeal from a judgment of the Supreme Court (Main Jr., J.), rendered September 8, 2015 in Franklin County, convicting defendant upon his plea of guilty of the crime of criminal contempt in the second degree.
 

 The Franklin County Department of Social Services (hereinafter DSS) commenced a Family Ct Act article 10 proceeding alleging that defendant neglected two children. Family Court (Meyer, J.) issued a temporary order of protection that, among other things, directed defendant to stay away from the home of a particular individual. Five days later, defendant was charged with criminal contempt in the second degree (see Penal Law § 215.50 [3]) after he was observed at that residence. A few days later, he was charged with a second count of that crime for again being at that residence. The neglect proceeding and criminal charges were all transferred to the Integrated Domestic Violence part of Supreme Court.
 

 Thereafter, DSS filed a petition in the Family Ct Act article 10 proceeding alleging that defendant had violated the order of protection. To resolve the petitions, defendant consented to a finding of neglect and admitted that he willfully violated the order of protection. Supreme Court (Main Jr., J.) imposed a sentence of 60 days in jail, but delayed commencement of the sentence and ordered periodic compliance conferences. Defendant then moved to dismiss the criminal charges, arguing that continued prosecution violated the Double Jeopardy Clauses of the NY and US Constitutions. After the court denied his motion, defendant pleaded guilty to one count of criminal contempt in the second degree, in satisfaction of both charges, and was sentenced to 270 days in jail. Defendant appeals.
 

 The double jeopardy protections of the US and NY Constitutions “shield a defendant from multiple criminal punishments arising from the same offense” (People v Sweat, 24 NY3d 348, 356 [2014]; see US Const Amend V; NY Const. art I, § 6; People v Wood, 95 NY2d 509, 513 [2000]). Whether double jeopardy bars a criminal prosecution subsequent to a finding of contempt or similar violation of a court order depends not on the labels used to describe the previously imposed sentence, but on “the character and purpose” of that sentence (People v Sweat, 24 NY3d at 358; see Matter of Smith v County Ct. of Essex County, 224 AD2d 89, 90-91 [1996], lv denied 89 NY2d 807 [1997]). In a contempt matter, the sentence imposed for violation of a court order is remedial if it was intended “to coerce compliance” with a court order (People v Sweat, 24 NY3d at 358; see Hicks v Feiock, 485 US 624, 632 [1988]; Matter of Smith v County Ct. of Essex County, 224 AD2d at 92). By contrast, when “a con-temnor is sentenced to imprisonment for a definite period which cannot be affected—that is, ended—by the contemnor’s compliance with the law [or a court order], then the contempt is not remedial but punitive” (People v Sweat, 24 NY3d at 357; see Hicks v Feiock, 485 US at 632; Matter of Smith v County Ct. of Essex County, 224 AD2d at 92). Double jeopardy precludes “a subsequent prosecution where a prior contempt sentence serves a punitive rather than remedial purpose” (People v Sweat, 24 NY3d at 356; see People v Wood, 95 NY2d at 513 n 3; Matter of Iceniar R. [Frankie R.], 73 AD3d 784, 785 [2010]). However, if the imposed sentence was remedial, double jeopardy does not apply (see Matter of Pearlman v Pearlman, 78 AD3d 711, 712-713 [2010]; Matter of Smith v County Ct. of Essex County, 224 AD2d at 92).
 

 In a global resolution of the Family Ct Act article 10 neglect petition and the violation petition, defendant consented to a neglect finding and admitted facts establishing that he violated the order of protection. As part of the disposition of those matters, Supreme Court subjected defendant to certain terms and conditions for one year. Additionally, the court imposed the 60-day jail term, but did not require defendant to report to jail until immediately after a compliance conference, which was scheduled for a date three months after the sentence was initially imposed. Apparently, after the court held that conference and reviewed defendant’s compliance with the order of disposition and ancillary orders, the court further postponed the commencement of the 60-day term of incarceration. Indeed, the parties have informed us that the reporting date for that term has been repeatedly delayed, and defendant has not yet been required to serve that sentence.
 

 While “the best practice would [have been] for [Supreme C]ourt to state on the record that defendant may purge the contempt through compliance with” the conditions of the dispositional order (People v Sweat, 24 NY3d at 360), the record facts indicate that the sentence for violating the order of protection in the Family Ct Act article 10 proceeding was intended “to coerce [defendant’s] compliance” with the disposi-tional and related orders, making it civil in nature, and remedial rather than punitive (id. at 358). Accordingly, the constitutional double jeopardy protections did not preclude defendant’s subsequent criminal prosecution and sentence for criminal contempt (see People v Sweat, 24 NY3d at 360-361; People v Daniels, 194 AD2d 420, 421 [1993], lv denied 82 NY2d 752 [1993]).
 

 Garry, Clark, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.